## MICHAEL SUNDAY vs. STATE OF MISSOURI.

1. If a defendant relies upon a plea in abatement, he must plead it before putting in the plea
   of not guilty.   If he wishes to test the validity of such a plea, after having pleaded not
   guilty, he must ask leave of the court to withdraw the plea of not guilty, and file his
   plea in abatement.

2. The plea in abatement was for misnomer.   The indictment was against "Michael Sunday,"
   and the name set out in the plea "Michael Sontay."   Wilkerson vs. the State, 13 Mo.
   R. 91.

## APPEAL from St. Louis Criminal Court.

Michael Sunday, in proper person.   The appellant hails from Germany, where he came
into the world, bearing the ancestral name of Sontag, which, translated from the Teutonic
into Anglo-Saxon, means Sundiy.   By the lat'er name he has been impleaded in the
criminal court, that tribunal claiming the right to re-baptize him in English.   Of the legality
of such a proceeding he is dubious.   A Dutch wood-chopper has a Celtic pride in his patri-
onymic, and insists that the power which would seek to divest him of it is of a price with
that which would despoil a Highlander of his breeches.   At the unprecedented liberty thus
taken with his name, he was, as became him, indignant.   He gave vent to his indignation in
the form of a plea of misnomer, asseverating that he was not Sunday but Sontag.   That if Sunday
had been guilty of any illegal actings and doings, Sontag had neither act nor part in them,
nor was he willing in his stead to become a denizen of the Penitentiary.   His plea, thus plain
and impregnable, was not even treated with the decent ceremony of a replication, but was sum-

marily erased; against which he entered his solemn protestation, and now reiterates the same before this court, where he trusts the laws of human nomenclature are held in more reverence, and his complaint meet with better luck. The appellant is advised of a legal principle called *idem sonans* which protects a man who has a name, and thinks it worth keeping. If this be so, Sunday no more sounds like Sontag than it sounds like Sabbath or Lord's day, or Dies, Dominicus; all these may indeed be *idem significans*, but if they are *idem sonans* his ears deceive him so badly that he gives up all pretentions to know the difference between sounds, and could not tell a cough from a sneeze. To all who set any value on a name, this new idea of *idem significans* is alarming. If by virtue of it Sontag may be made Sunday, there is no similar desecration for which it may not furnish a pretext. Not to go far for illustrations, Lackland might be held *rectus in curia* as Baron Vide Poche, and Colt as Nebuchadnezzar or Grass-eater.

The appellant submits that having tendered an issue by his plea, he is entitled to have it tried, in which he is ready to verify that by one name he has had his being, moved and lived, and by it he hopes to die.


LACKLAND, attorney for the State.

The court did not err in sustaining the motion to strike out the plea in abatement.

I. Because the defendant had no right to file a dilatory plea, after having pleaded the general issue, without leave of the court first had and obtained. In this cause the plea in abatement was filed, and no notice given until a portion of the jury was sworn. If this practice be allowed, it will operate to the end of swindling justice. A party is indicted by a wrong name or by one name, and is also known by another; he comes in and pleads the general issue, finds no fault with the name, has witnesses all ready, and just before going into trial he files a dilatory plea and thus forms an issue to suit his testimony, and the State must consequently go into the trial of an issue utterly unprepared.

The law, I take it, is well settled that courts look upon all dilatory pleas with jealousy and will not allow a plea of general issue or other plea to the merits to be withdrawn to give place to a dilatory plea when moved so to do. Much less it seems to me will they allow a defendant to file his dilatory plea after having filed a plea of general issue or plea to the merits, when that plea is filed with notice, or consent of court.

"A dilatory plea must be stated at the time the prisoner is arraigned, and before the plea of not guilty is made." 1 Chitty, 422, 438; Fash 41; 1 Black. Rep. 4; 2 Burr, 1810; 2 Hale, 219; Cro, C. C. 9.

This court cannot see whether the court below erred in overruling the motion for a new trial, as neither the evidence nor the instructions are set forth in the record.

The court did err in overruling the motion in arrest. The indictment was good. See Jennings vs. State, 9 Mo. R., 862.


RYLAND, J., delivered the opinion of the court.

The defendant below, appellant here, was indicted, by the grand jury in St. Louis county, for stabbing one Henry Long, on purpose and of his malice aforethought with intent to kill. The indictment contains three counts, and is drawn under the 34, 37 and 38 sections of the 2nd article of the act concerning crimes and punishments. This indictment was returned into court on the 14 January, 1850; on the 19th

of the same month, the defendant was arraigned and plead not guilty; the case was then set for trial on the 13th of February, 1850. On which last mentioned day, the defendant, without withdrawing his plea of not guilty, and without any motion to the court for that purpose, and without any permission from the court, filed his plea in abatement, alleging a misnomer, that his name is "Mechael Sontag." No notice was taken of this plea, nothing said about it until the jury was partly sworn and impannelled. It was then for the first time discovered by the circuit attorney, who moved the court to strike out said plea.

This motion was sustained by the court, the plea was stricken out, and the jury which had been in part made up, was then completed, and the case was tried upon the plea of not guilty. The jury convicted the defendant, finding him guilty under the 3rd count in the indictment and assessed his punishment to three years imprisonment in the State Penitentiary. The defendant excepted to the action of the court sustaining the motion of the circuit attorney to strike out the plea of misnomer.

The criminal court commuted the punishment assessed by the jury as to "time" by changing it from "three years" to "two years."

The defendant moved the court for a new trial, which motion was overruled.

We will not notice this motion, as the defendant has not thought prudent to preserve, by the bill of exceptions, the testimony given to the jury on the trial or any part of it, or any instructions given by the court, or refused.

The defendant then moved in arrest of judgment, assigning as reasons therefor: 1st. The insufficiency of the indictment. 2nd. Because the court erred in striking out plea in abatement plead by the defendant. 3rd. Because all the proceedings in this case are irregular and defective, so that no legal judgment can be rendered against him. This motion was likewise overruled by the court. The defendant excepted, and prayed an appeal to this court, which was granted and all the proceedings to execute the sentence stayed until the judgment of this court is had upon the case. The main point relied upon by the appellant's counsel, for a reversal of the judgment below, is the action of the court in sustaining the motion to strike out the defendant's plea of misnomer. Indeed, in his brief, he does not call our attention to the indictment. We have looked, however, into the indictment, as its insufficiency and defectiveness were assigned as reasons in arrest of the judgment. We think the indictment substantially good, and that there is

no reasons sufficiently apparent why the judgment should be arrested, on the face of said indictment.

There is nothing wrong in the action of the court in striking out the plea of misnomer. The defendant should have relied on his plea in abatement at first, by then pleading it, instead of pleading not guilty: or if he wished to test the validity of his plea, after having pleaded not guilty, he should have moved the court for leave to withdraw the plea of not guilty and for permission to file his plea in abatement. This he failed to do, and he has no reason to complain, that the court unceremoniously cut out his plea thus improperly filed. This view of the case, renders it unnecessary for us to notice the plea offered in this case with regard to its merits. We will barely refer to the case of Welkerson vs. the State, lately decided by this court at Jefferson city, and the authorities therein referred to.

Upon the whole, we find nothing in this case requiring the interference of this court. The judgment of the criminal court is therefore affirmed.