THE PEOPLE, Plaintiff in Error, *v.* MARTIN ALLEN, Defendant in Error.

Upon a criminal trial, after the prisoner has pleaded " not guilty," it is within the discretion of the court to permit him to interpose a special plea, setting up defects in the organization of the grand jury which found the indictment, and a refusal to allow the plea cannot be alleged as error.

A motion in arrest of judgment, after verdict, can only be properly based upon error appearing upon the face of the record, and which, after judgment, may be reviewed upon writ of error. It cannot be grounded upon any defect in evidence or improper conduct on the trial. The decision of the court upon such motion, even if erroneous, is, itself, no ground of error, for the same objection can be raised upon writ of error, and after judgment, the remedy by motion in arrest is gone, and the case is to be determined by the record, as if no such motion had been made.

The ruling of the court upon motion in arrest is not the subject of exception, as, in criminal cases, only exceptions during the trial are allowed.

Where the juror is challenged to the favor, although the facts proved before the triers, would be ground for challenge for principal cause; yet the question of competency belongs exclusively to the triers, and the court cannot be called upon to rule, as matter of law, that the juror, upon the facts proved, is incompetent.

An opinion formed as to the general character of the prisoner does not *per se* disqualify a juror. ANDREWS, J.

(Argued October 12th, 1870; decided October 25th, 1870.)

ERROR to the General Term of the Supreme Court in the first judicial department, to bring up for review the reversal by that court of a conviction (on the 27th of November, 1869) of the defendant in error, of grand larceny, in the court of General Sessions for the city and county of New York, BEDFORD, city judge, presiding.

The charge was for stealing money from the pockets of one Smith, while the latter was in bed with two women of the town, at a house in Howard street, New York.

The money was taken by some one entering the room, while he was in bed with the two women.

The pocket-book and money were carried inside the vest; the pocket-book and money were there, when he met the girls.

A part of the money lost was found on the prisoner.

The prisoner was arrested in a room adjoining the one where the robbery was committed, and the sum of $380 was found on him, of which a part was identified as complainant's.

There was a door opening from the room where defendant was arrested to the room where the larceny was committed, and also a hole through the partition which came to the top of the lounge, so that the room where the prosecutor was, when lighted, could be seen in every part.

The defendant in error was indicted at an Oyer and Terminer held on the first Monday of October, 1869. The indictment was sent to the General Sessions, where on the 9th of November, 1869, the prisoner was arraigned and pleaded not guilty. He was put upon his trial on the 26th of November, 1869.

While impanneling the jury, one McDowell was called as a juror, and was challenged to the favor by the prisoner; McDowell stated before the triers that he had formed an opinion as to the character of the prisoner, that he had heard something which biassed him as to his character; that his general opinion was that prisoner's character was bad.

The prisoner's counsel thereupon asked the court to charge the triers, as a matter of law, that the witness having stated that he had formed a bad opinion of the prisoner's general character, he is incompetent as a juror. The court declined so to charge, and the defendant's counsel excepted. The triers found McDowell indifferent, and he was sworn and served as a juror.

Before the jury were sworn, the prisoners counsel applied to the court to permit the prisoner to interpose "a special plea, that the grand jury by whom the indictment was found in the Court of Oyer and Terminer presided over by Mr. Justice Ingraham, and convened on the first Monday of October, 1869, was an illegally constituted grand jury and tribunal, as, at the time the grand jury preferred and found the indictment, a grand jury previously duly impanneled according to the law and the statute in such case made and provided was then in session at the Court of Oyer and Terminer then in session, presided over by Mr. Justice Cardozo."

The plea was overruled on the ground it was too late, the prisoner already having pleaded not guilty. Exception was taken to the ruling.

At the close of the trial, and after the jury had brought in a verdict of guilty, and the prisoner was brought up for sentence, he made a motion in arrest of judgment, stating as ground thereof, the facts as to the grand jury set up in his special plea. The motion was denied and exception taken. All these exceptions appeared in the bill of exceptions.

The General Term granted a new trial on the ground of error, as to the juror, McDowell. (Ingraham, J., dissenting.)

*Samuel B. Garvin* (district attorney), for the plaintiff in error, on the question of challenge to the favor, cited *Smith* v. *Floyd* (2 Park., 663); 22 N. Y., 151; 21 N. Y., 134; 2 Abb., 368; 18 Barb., 522; 2 Barb., 216; 4 Den., 935. That the special plea was too late, the plea of not guilty having already been made, he cited 1 Colby's Cr. Law, 285; *McMillan* v. *State* (8 Sme. & Mar., 587); *People* v. *Benjamin* (2 Park., 201); *People* v. *Griffin* (2 Barb., 427). There was no proof of the truth of the special plea by affidavit or otherwise. (1 Colby's Cr. Law, 271; 2 R. S., 731, § 75.)

*William F. Howe*, for the defendant in error, cited, on the question of challenge, *People* v. *Bodine* (1 Den., 308); *Freeman* v. *People* (4 Den., 9). That there could not be two

grand juries sitting at the same time for the same county, attending courts of the same jurisdiction, he cited Dalton, C., 185 ; Burns, Tit. Sessions ; Lambard, Lib. 4, C. 5 ; Terms de Ley., 293 ; Wood's Inst. Tit. Oyer and Terminer ; Burns Inst., same title ; Jacob's Law Dict., same title ; 20 N. Y., 544 ; Hawk., P. C., East, P. C. ; Bacon's Ab., Titles, "Juries," " Sessions," " Gaol Delivery," " Oyer and Terminer " and " Indictment."

ANDREWS, J.   The special plea, founded upon the alleged illegal organization of the grand jury, which found the indictment, was overruled by the court, on the ground that it should have been interposed before the plea to the merits.

When it was offered, the plea of not guilty had been entered, and several jurors had been impaneled and sworn.

The prisoner had waived his right to take advantage by plea of the alleged defect, and the refusal of the court to entertain it at that stage of the proceedings was in its discretion, and was not the subject of exception.   (2 Hale, 155 ; 1 Bishop's Cr. Pro., § 440 ; 1 Colby's Cr. Law, 285 ; *McQuillen State* v. (8 Sme. & Mar., 587.)

After verdict, motion in arrest of judgment was made on the same ground stated in the special plea, and the particular facts in which the alleged error consisted, were stated to the court.

The court denied the motion, on the ground that this question was not properly before it, and to this ruling the prisoner excepted.

The motion in arrest, and the proceedings upon it, are incorporated in the bill of exceptions.

It does not appear, however, in the record, how the grand jury was organized, or that the fact alleged as error, in respect to its organization, existed.

The only suggestion of such fact is found in the special plea, and in the statement of the counsel for the prisoner on the motion in arrest.

The court neither affirmed or denied the fact, but disposed of the motion, without considering it.

On this state of the record, the question in respect to the grand jury is not before us.

A motion in arrest is a proceeding in behalf of a prisoner, after verdict and before sentence, and designed to stay sentence and judgment, for error appearing on the face of the record.

It is grounded upon the same objections which will support a writ of error, and no defect in evidence or improper conduct on the trial can be urged at this stage of the proceedings.

When, however, judgment is once given, the writ of error is the only remedy for error of record. (Cro. Jac., 404; 1 Chitty's Cr. L., 661, 747.)

The decision of the court upon the motion in arrest, if erroneous, is not of itself ground of error, for the same objections can be raised upon the writ as upon motion in arrest, and are not waived by the omission to urge them before judgment. After judgment, the remedy by motion in arrest is gone, and the case is to be determined by the record as though such motion had not been made.

Nor is the decision of the court upon the motion the subject of exception. The statute allowing bills of exception in criminal cases applies only to exceptions taken upon the trial, and no others can be brought into the record. (2 Rev. St., § 29; *Freeman* v. *People*, 4 Den., 10; *Gardner* v. *People*, 6 Par., 143.)

The prisoner could have raised the question as to the organization of the grand jury by plea interposed at the proper time, or upon the judgment record, where by certiorari, obtained upon allegation in diminution, the fact constituting the alleged error should be made to appear therein. (Cancemi's Case, 18 N. Y., 128; *People* v. *McGuire*, 2 Park., 148.)

The juror, McDowell, on being called, was asked if he had formed an opinion as to the guilt or innocence of the accused,

and he replied that he had not.   He was then challenged by the prisoner's counsel for favor, but no ground of challenge, except in general terms for favor was stated.

Upon his examination, the juror testified that he had formed an opinion as to the general character of the prisoner, and on being asked what it was, replied, "Well, as to his character, I have heard something; I am biased."

On the question being repeated, he replied, "My general opinion is that it is bad."

The counsel for the prisoner then asked the court to charge the triers as matter of law, that the witness having stated that he had formed a bad opinion of the prisoner's general character, was incompetent as a juror.

The court refused, and the counsel for the prisoner excepted.

It is the right of a prisoner to be tried by an impartial jury, and the juror must be indifferent both as to the person and the cause to be tried. (*People* v. *Vermilyea*, 7 Cow., 108 ; *People* v. *Freeman*, Den., 9.)

The right of challenge is given to him, so that it may be ascertained, if the jurors called are indifferent, and if found not to be so, that they may be excluded.

But the prisoner must be governed in exercising this right by the settled rules of proceeding.

If the objection he makes to a juror, in law implies partiality or bias, he must challenge for principal cause, and in that case, the court determines the sufficiency of the ground of challenge as a question of law, and whether the facts proved support it.

If the challenge is to the polls for favor, the form of the challenge imports that the juror is not in law disqualified; and if the prisoner challenges a juror for favor, although the fact proved on the trial of the challenge should have been ground for challenge for principal cause, yet the determination of the question of competency belongs in such case to the trier, and not to the court. (*People* v. *Bodine, supra ; People* v. *Freeman, supra.*)

It was not, therefore, the right of the prisoner in this case

to call upon the court to rule, as matter of law, that the juror, upon the fact proved, was incompetent.

The prisoner, by his own act, had remitted the final decision · of that question, as one of fact, to the triers.

It seems to be settled that when a juror has formed and expressed an opinion as to the guilt or innocence of the accused, he is in law incompetent.

But we think that the mere statement of a juror that he has formed an opinion that the general character of the prisoner is bad, will not sustain a challenge for principal cause, and that such an opinion, especially where the grounds of it or its strength or general character are not disclosed, does not, *per se*, disqualify him. (*People* v. *Lohman*, 2 Bar., 216; *same case*, 1 Com., 379.)·

If such a rule was established, it might happen, as was well said by STRONG, J., in the case of *People* v. *Lohman*, that notorious criminals could not be tried at all.

The fact stated by the juror was to be considered by the trier, and his competency was to be determined by them upon all the facts, having in view the cardinal rule that a juror should "stand indifferent as he stands unsworn."

There was no error in the proceedings in the General Sessions, and the judgment of the General Term should be reversed and that of the Sessions affirmed.

All the judges concurring, judgment reversed, and judgment of sessions affirmed.