Pratt, J.
The order denying the application for a mandamus is affirmed on opinion below.
The opinion is as follows:
Cullen, J.
The relator was elected a justice of the peace of the town of New Lots, in April, 1886. His term of office would commence on January 1, 1887. Subsequently by chapter 335, Laws of 1886, the town of New Lots was annexed to the city of Brooklyn to take effect on August 1 of that year. That statute provides (§ 7) that the supervisor and the several justices of the peace of the town “duly elected, qualified and acting at the time this act shall take effect shall continue to hold their offices for the term for which they were respectively elected,55 and that the term of all other officers should cease and determine when the act took effect. The relator though previously elected was not acting as a justice of the peace at the time of the annexation^ He, therefore does not come within the literal reading of the statute. It is *660 claimed, however, that the court should read the words “and dating, ” etc., as “or acting,” etc.. Numerous cases are to be found where the word “ and ” will be used as “or,” and viceversa, in construing wills, deeds, and even statutes. But in such cases it is because the context or circumstances render such construction necessary to give effect to the intent of the whole instrument. But there is nothing here to justify the substitution of “or” for “and.” There was no person acting as a justice who was not legally elected and qualified. If there had been such an incumbent he would have been an intruder and liable to be ousted by quo warranta. It is doubtful whether the legislature could have validated the title of such an officer (People v. Gardiner, 43 N. Y., 32); and even if it lay within the legislative power, it is difficult to believe that the legislature intended to protect the term of an intruder. The reading suggested, therefore, appears to me inadmissible, and the only question remains as to the constitutional power of the legislature to deprive the relator of the office to which he had been elected.
The constitution provides for the election of justices of the peace and1 the duration of their terms. The legislature can not interfere with the term as long as the office remains, nor with the office as long as the town remains. But the legislature has the power to alter the limits of cities and towns, and if the effect of such alteration, made in good faith, is to destroy the office, the incumbent may be deprived of his '.term, even though such term is prescribed by the constitution. People v. Morrell, 21 Wend., 563.
It is further claimed, however, that a justice of the peace is a county officer and that the relator should continue in office because the county still remains. For some purposes a justice may be considered a county officer, but these relate solely to his judicial functions.
In the case of People v. Mann (97 N. Y., 530), it was decided that a justice of the peace did not hold the office of “judge or justice of any court;” and this conclusion was based on 'the ground that the judicial functions exercised by a justice of the peace were rather the incident than the substance of the office, whose principal duties were in the administrative affairs of the town. In this respect the supposed analogy in the case of justices of the supreme court elected in the particular districts to serve as judges through the whole state fails.
I think, therefore, that the act of 1886 abolished the office of the relator upon the expiration of the term of the then incumbent, and that such legislation is valid.
Motion for mandamus denied, with ten dollars costs.