## THOMAS MILLS *vs.* STATE OF MARYLAND.

*Criminal law—Plea in Abatement—Appeal—Jury law—*
*Sec. 8 of Art. 51, of the Code—Act of 1890, ch. 62—*
*Excusing jurors.*

The withdrawal of the plea of not guilty, and filing a plea in abatement, being a matter of favor with the Court, it has the right, in its discretion, to couple with its leave such conditions as it may deem proper; and *this being so, its action is not open to review on appeal.*

Nothing can be found in the present jury law that in any respect limits or restricts the power of a judge in determining, even in advance of a summons to appear as a juror, what will be a sufficient cause for not appearing in obedience to the summons, and, if he find such cause exists, in excusing the juror, and selecting another in his place.

The Legislature, by the Act of 1890, ch. 62, expressly recognized the existence of this power. when it provided that "if, for any reason, any person drawn as a grand juror shall fail to attend, or be disqualified. or excused for cause, the Court in its discretion may fill such vacancy," &c.

The eighth section of Article 51, of the Code, which provides how the sheriff shall make his return to the *venire* in case there are persons who are sick, dead, absent, or cannot be found, contains nothing which affects the powers of the Court, and cannot be taken as a limitation of this power.

From the period of the adoption of the existing law regulating the selection of jurors to the present time, it has been the practice of the Judges in every Court of the State to grant excuses to jurors, and draw others in their places, and experience has proven that the practice is highly conducive to the efficiency and dispatch of business.

Such excuses ought to be always granted only in the exercise of a sound discretion for such causes as are in harmony with the spirit of the jury law of the State.

Mills *vs.* State.

Where a plea in abatement, based upon certain jurors being "excused" by the Judge, and others selected in their places, does not allege any fact from which it could be inferred that there was a departure from a substantial compliance with the provisions of the statute regulating the selection and drawing of jurors, or that any of the persons who constituted the grand jury were unfit to act as jurors, or that the rights of the defendant had been prejudiced by their presence there, a demurrer to the plea should be sustained.

APPEAL as upon Writ of Error, from the Circuit Court for Montgomery County.

The case is stated in the opinion of the Court. The demurrer to the plea in abatement having been sustained, a plea of not guilty was filed, and upon trial the verdict and judgment being rendered against him, the traverser applied for and obtained an order for the removal of the record to this Court for review as upon a writ of error, and in his application assigned the following reasons:

1st. For error in said Court in striking out defendant's plea in abatement, pleaded by him after his plea of "not guilty" was withdrawn by leave of the Court.

2nd. For error in the Court in overruling defendant's motion to file plea in abatement, unless the same were amended by incorporating the record of the drawing of jurors in the Circuit Court for Frederick County as part of said plea.

3rd. For error in the Court in sustaining the general demurrer to plea of abatement as filed.

The cause was argued before ALVEY, C. J., BRYAN, FOWLER, PAGE, McSHERRY, and BRISCOE, J., for the appellee, and submitted on brief for the appellant.

*Frederick J. Nelson*, for the appellant.

*John Prentiss Poe, Attorney-General*, filed a brief for the appellee.

*Edward S. Eichelberger, State's Attorney for Frederick County,* for the appellee.

The first two assignments of error contain matter addressed to the absolute discretion of the Court and are not reviewable on appeal. *Cooper vs. State,* 64 *Md.,* 40; 1 *Chitty's Criminal Law,* 425; *Wharton's Criminal Pldg: & Prac.,* sec. 424; 1 *Bishop's Criminal Procedure,* 756.

As to the third assignment of error. The very Article of the Code governing the drawing of juries specifically directs that the Courts should see that the "spirit and intent" of the law are carried out. Code, Art. 51, sec. 7; and our Courts will construe the laws so as to give effect to the legislative purpose. *Green vs. State,* 59 *Md.,* 130. A substantial, rather than formal compliance with the law is sought. *Friend, et al. vs. Hamill,* 34 *Md.,* 298; *Young vs. State,* 7 *G. & J.,* 253; *Warner vs. Hardy,* 6 *Md.,* 525; *State vs. Glascow,* 59 *Md.,* 212.

In general, the provisions of law in regard to the mode of obtaining a jury are directory and not mandatory, in which case there is less need of a formal rather than a substantial compliance with the law, and a wide discretion is allowed the Court in organizing a jury, and its rulings will not be revised unless the excepting party show that he has been prejudiced or the statute infringed. 12 *Am. & Eng. Enc. of Law,* 328 & 330; *Quinn vs. Halbert,* 57 *Vermont,* 178; *Rowell vs. Boston, &c. R. R.,* 58 *N. H.,* 514.

Slight irregularities in selecting, drawing and summoning jurors do not affect the validity of the appeal. 9 *Am. & Eng. Ency. of Law,* 3.

And the Court may supply an existing deficiency. 9 *Am. & Eng. Ency. of Law,* 4; *Jones vs. State,* 18 *Fla.,* 889; and a Judge may excuse a grand juror and the exercise of such discretion will not ordinarily be reviewed. 9 *Am. & Eng. Ency. of Law,* 1; *State vs. Bradford,* 57 *N. H.,* 188; *State vs. Brown,* 12 *Minn.,* 538; *State of Minnesota vs. Gut,* 13 *Minn.,* 341.

Mills *vs.* State.

The plea in abatement sets forth no ground of injury or prejudice. Three alleged irregularly-selected men were on the grand jury; *non constat* (so far as the plea sets forth) that the indictment would not have been found if they had not been members of the jury.

Bearing in mind the discretion resting in the Court, there were no irregularities in the drawing of this jury, and conceding, for the sake of argument, that there were, unless they prejudiced the rights of the traverser they should not be treated as fatal; even when gross irregularities exist the jury will not be set aside unless substantial injury appears to have been done. *State vs. Glascow,* 59 *Md.,* 212; *United States vs. Reed,* 2 *Blatchford Ct. Ct.;* 435; *Cole vs. Perry,* 6 *Cowen,* 584; *Ferris vs. The People,* 35 *N. Y.,* 129.

PAGE, J., delivered the opinion of the Court.

The appellant was indicted for rape at the August Term, 1891, of the Circuit Court for Frederick County. He pleaded not guilty, and upon his suggestion and affidavit, the case was removed to the Circuit Court for Montgomery County. At the November Term of that Court, upon leave, he withdrew the plea of not guilty. He thereupon, but without leave, filed a plea in abatement, which the State's Attorney moved the Court not to receive. The Court refused to receive the plea, because it did not contain all of the facts in connection with the drawing of the jury, which had found the indictment against the appellant, unless the defendant would "incorporate the record of drawing of juries in Frederick County as part of said plea." The defendant, in his first and second reasons, assigns for error the ruling of the Court in thus refusing to receive the plea, and also in refusing to receive it unless the same were amended by incorporating the record of the drawing of said jurors. In the case of *Cooper vs. State,* 64 *Md.,* 44,

this Court has decided, that as a general rule, "after pleading in bar to a felony, it is too late to plead in abatement; the withdrawal of the plea of not guilty, and filing such a plea, being matter of favor or discretion with the Court." The following is then cited approvingly from 1 *Chitty Criminal Law*, 425: "When the defendant has any matter to plead in abatement, the proper time to introduce it, is before he pleads to the felony. But there are instances of his being permitted as a *matter of favor*, after the plea of not guilty has been recorded, to withdraw it, and plead to the jurisdiction." And again citing from *Wharton Crim. Plead. and Pr.*, sec. 426: "Without leave of the Court, which is granted only in very strong cases, the plea of not guilty cannot be withdrawn to let in a plea of abatement." The plea, being therefore a "matter of favor" the Court had the right in its discretion to couple with its leave, such conditions as it deemed proper; and, this being so, its action is not open to our review.

The defendant then filed his plea, having first amended it, so as to incorporate in it the record of the drawing of the jurors in Frederick County. The plea further sets forth that the names of Charles E. Cassell, Clinton Metcalf, and John E. W. Hargett, appeared upon the list of two hundred, from which the panel of forty-eight were to be taken; that said names were also drawn from this panel, and were among the number of those inserted in the *venire facias*, that, though said persons were not returned by the sheriff as "dead, sick, or otherwise unable to attend Court," or as absent, and not to be found, their names were not among the list of names of persons to serve at the August Term of the Court, but in their stead were the names of Orlando L. Seiss, Milton Warner, and Oliver C. Warehime, who were afterwards drawn and served on the grand jury which found the indictment against the defendant. It also appears from

the plea, that Hargett, Metcalf, and Cassell were "excused" by the Judge, and their places were filled by the persons named above, whose names were drawn from the box according to the provisions of the law for filling vacancies.

To this plea the State demurred. The Court sustained the demurrer, and the defendant assigns this ruling of the Court as his third reason for error. There is nothing in the plea to show that the selection of the panel as originally drawn was not made with strict regularity. The provisions of the law of the State were also carefully complied with in all of the subsequent drawings, and the only error which the defendant now alleges, is found in the fact that three persons, whose names were drawn on the original panel of forty-eight, were excused by the Judge, and their places filled by others, whose names were drawn, according to the provisions of the law, from the box. It is contended that the Judge had no power to do this, and that the presence of these three substitutes on the grand jury, was illegal, and sufficient to vitiate the indictment.

There can be no doubt that it is a part of the judicial function to determine when the processes of the Court have been properly and adequately complied with, and also to deal with all persons charged with neglect of its commands. This function is inherent in the judicial office, and is absolutely necessary to the orderly and efficient discharge of the business that may come before the Court. It exists, not alone for the benefit of suitors and parties charged with crime, but for the public generally, who are deeply interested that the law may be efficiently administered with reasonable dispatch.

Jurors are summoned for service, under the direction of the Court, in the trial of such matters as may come before it, and not for the benefit of suitors. They are important parts of the machinery employed to adminis-

Mills *vs.* State.

ter the law, and in order to secure the selection of persons best equipped for that service, in respect to integrity, impartiality and intelligence, the Legislature has prescribed with great particularity the methods by which they must be selected. But nothing can be found in the present jury law that in any respect limits or restricts the power of a Judge in determining, even in advance of a summons to appear, what will be a sufficient cause for not appearing in obedience to the summons, and, if he find such cause exists, in excusing the juror, and selecting another in his place. On the contrary, the Legislature, by the Act of 1890, ch. 62, expressly recognized the existence of this power, when it provided that "if for any reason, any person drawn as a grand juror shall fail to attend, or be disqualified, or *excused for cause*, the Court, in its discretion, may fill such a vacancy," &c. The eighth section of Article 51 of the Code cannot certainly be taken as a limitation of this power. This section provides how the sheriff shall make his return to the *venire*, in case there are persons who are sick, dead, absent, or cannot be found, but contains nothing affecting the powers of the Court. Many causes might be assigned which would make it the duty of the Judge to excuse jurors in advance of the meeting of the Court, so that other jurors might be drawn in their stead, and thus the business of the Court proceed without delay. From the period of the adoption of the existing law regulating the selection of jurors to the present time it has been the practice of the Judges in every Court of the State to grant excuses to jurors and draw others in their places, and experience has proven that the practice is highly conducive to the efficiency and dispatch of business. Such excuses have been in the past, and ought to be always, granted only in the exercise of a sound discretion, for such causes as are in harmony with the spirit of the jury law of the State.

In *State vs. Bradford,* 57 *New Hampshire,* 188, the Court said : " The Court has so long exercised the power of excusing jurors for reasons that have been deemed satisfactory, without its power to do so being questioned, that it must be regarded as firmly settled, that the Court has such power, and that the exercise of it, in the discretion of the Court, will not ordinarily be revised." *The State of Minnesota vs. Brown,* 12 *Minn.,* 545; *Jones vs. State,* 18 *Florida,* 889.

We cannot find, therefore, that the Judge exceeded his powers in granting these excuses.

The plea does not allege any fact from which it could be inferred that there was a departure from a "substantial compliance " with the provisions of the statute regulating the selection and drawing of jurors, or that any of the persons who constituted the grand jury were unfit to act as jurors, or that the rights of the defendant have been prejudiced by their presence there. *State vs. Glascow,* 59 *Md.,* 209. And we must therefore affirm the judgment.

*Judgment affirmed.*

