REGINALD INGRAHAM v. STATE OF NEBRASKA.

FILED NOVEMBER 6, 1908.   No. 15,663.

1. **Information:** WAIVER. By a plea of not guilty the defendant in a criminal prosecution waives all defenses which may be raised by motion to quash or plea in abatement.

2. **Criminal Law:** DISCRETION OF COURT. A request for leave to withdraw a plea of not guilty and file a plea in abatement is addressed to the sound discretion of the trial court; and a reviewing court will not disturb the ruling thereon, unless the record clearly shows an abuse of such discretion.

3. **Judges:** DISQUALIFICATION. A complaining witness in a criminal

prosecution is not a party to the action, and ordinarily has no pecuniary interest therein; and the fact that the examining magistrate is related to the witness within the fourth degree of consanguinity does not disqualify him to conduct the preliminary examination.

4. ———: ———: WAIVER. A defendant with knowledge of such relationship who submits to a preliminary without any objection will be held to have consented thereto within the meaning of section 4747, Ann. St. 1903.

5. Criminal Law: REVIEW. Bill of exceptions examined, and *held* that the district court did not err in refusing to strike certain evidence from the record.

ERROR to the district court for Cheyenne county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*J. E. & W. G. Simonson,* for plaintiff in error.

*William T. Thompson, Attorney General* and *Grant G. Martin, contra.*

BARNES, C. J.

Reginald Ingraham, hereafter called the defendant, and Mary Ingraham were tried in the district court for Cheyenne county on an information charging them with stealing three steers, the property of one Henry Heard. Mary Ingraham was acquitted, but the defendant was found guilty, and was sentenced to serve a term in the state penitentiary. From that judgment he brings the case to this court by petition in error.

It appears that, when the case came on for trial, the defendant asked leave to withdraw his plea of not guilty and file a plea in abatement. His request was refused, and this ruling of the trial court is assigned as error. The record discloses that the complaint on which defendant was arrested was filed before one Hugh Milhollin, a justice of the peace of Cheyenne county, on the 16th day of May, 1906; that, when he was arraigned, he was granted a continuance to the 16th day of June following, when a preliminary examination was held and the defendant was

bound over to the district court. On the 20th day of November, 1906, he was arraigned in that court on a proper information, charging the same offense set forth in the complaint, to which he then entered a plea of not guilty. Thereupon the case was continued over the term by agreement of parties. On March 19, 1907, the case being called for trial, the defendant made application for and obtained another continuance. At the November, 1907, term of the court defendant failed to appear, and his recognizance was forfeited. He was thereupon rearrested, and was tried at the April, 1908, term of the district court. At the commencement of the trial the defendant, for the first time, asked leave to withdraw his plea of not guilty and file a plea in abatement. It also appears that a like plea had at one time been filed by him and withdrawn. With this situation confronting the district court, the defendant's request was denied.

It is well settled that a defendant in a criminal prosecution by pleading to the general issue waives all defenses which may be raised by a motion to quash or plea in abatement. Criminal code, sec. 444; *Korth v. State,* 46 Neb. 631; *Johnson v. State,* 53 Neb. 103; *Bush v. State,* 55 Neb. 195. It is likewise held that it is a matter of discretion with the district court to permit or refuse to allow a plea of not guilty to be withdrawn in order that a plea in abatement may be interposed. *Clark v. State,* 57 N. J. Law, 489; *People v. Allen,* 43 N. Y. 28; *State v. Van Nice,* 7 S. Dak. 104; *Sunday v. State,* 14 Mo. 417; *Richards v. State,* 82 Wis. 172. It follows that, unless the district court was guilty of an abuse of discretion in this case, the defendant's contention must fail. As above stated, it appears that the case was commenced nearly two years before it was tried. Two continuances had been granted in the district court. One by consent of parties and one on the application of the defendant. His recognizance had been forfeited in open court, and he was thereafter rearrested. A plea in abatement setting up the same matters contained in the plea then offered had been filed and

withdrawn; and at the last moment, when the case was called for trial, the plea in question was tendered and denied. The reasons given therefor by the court were, in substance: "Leave denied because plea in abatement has heretofore been presented and withdrawn, and defendants each have entered a plea of not guilty. Leave denied because the plea raises the. same issues that were raised heretofore by defendants and withdrawn."

Under such circumstances it can not be said that the district court was guilty of an abuse of discretion in this matter. Again, if it be conceded that leave should have been given the defendant to withdraw his plea of not guilty and present his plea in abatement, we find that the facts pleaded therein are fully controverted by the record. The substance of the plea is that the accused never had a preliminary hearing, and that the record does not show that such hearing was had in Cheyenne county, or before a justice of the peace of that county. It appears that the complaint was filed before one Hugh Milhollin, who the transcript recites was a justice of the peace within and for Cheyenne county, Nebraska. The record also shows that said justice of the peace issued a warrant for the defendant, which was served by J. W. McDaniel who in his return recites that he is sheriff of Cheyenne county, Nebraska. The record further shows that the defendants were by the order of said justice of the peace bound over to the district court for Cheyenne county, Nebraska. So it may be said that it appears upon the face of the record that the plea, if filed, so far as this matter is concerned, would have been without avail.

The defendant further contends that Hugh Milhollin, who signed the transcript, is related by consanguinity or affinity within the fourth degree to Henry Heard, the complaining witness. It is therefore claimed that the justice of the peace was disqualified, and the preliminary examination held by him was void and of no effect. It is true that section 4747, Ann. St. 1903, provides: "A judge or justice is disqualified from acting as such except by

mutual consent of parties in any case wherein he is a party or interested or where he is related to either party by consanguinity or affinity within the fourth degree." We are of opinion, however, that this provision has no application to the case at bar. Henry Heard was not one of the parties, neither did he possess any pecuniary interest in the result of the examination. In a criminal prosecution the state of Nebraska is the plaintiff, and the complaining witness is considered, and is treated, in all respects the same as any other witness in the case. Again, it is not shown that the defendant was ignorant of this relationship at the time his preliminary examination was held, and it will be presumed that he had such knowledge and consented to the holding of such examination.

Finally, it is urged that the district court erred in refusing to strike the evidence of the witness Frank Smith from the record. We find that Smith testified, in substance, that he saw the defendant and his brother on or about the 1st day of December, 1905, driving some cattle past his place to their ranch. He also described the cattle and it is claimed that they are not identical with those stolen from Mr. Heard. It is further urged that the cattle described by Smith were being driven past his place in December, 1905, while the cattle in question were alleged to have been stolen on or about April 2, 1906; that, therefore, the testimony of Smith was irrelevant and immaterial, and related to altogether a different transaction from that described in the information. It appears from the record, however, that the witness Heard missed the stolen cattle from his place about the 1st of December, 1905. So it would seem perfectly proper for the court to receive the testimony of the witness regarding any cattle which he saw the defendant driving to his ranch at or about the time these animals were missed from the premises of Mr. Heard. While this evidence may not have been entitled to much weight, it was competent, and the jury had the right to consider it and give it such weight

as they deemed under all the circumstances it was entitled to receive.

A careful examination of the whole record fails to disclose any reversible error, and the judgment of the district court is therefore

AFFIRMED.