## THE STATE v. WHITLEY McNEAL, Appellant.

### Division Two, June 5, 1924.

1. **PRELIMINARY HEARING: Plea of Guilty: Withdrawal: Motion to
Quash: Waiver.**  It is a general rule that a defendant is not en-
titled, as a matter of right, to withdraw a plea to an information
for the purpose of entering a plea in abatement or interposing
other objections which should have been raised before entering
the plea, but the court has the right, in its discretion, to couple
with leave to withdraw the plea, such conditions as it deems
proper.   But where defendant entered a plea of not guilty, and the
court afterwards permitted him to withdraw it unconditionally and
gave him leave to go into all the grounds assigned in his motion to
quash and his plea in abatement, which the court then knew con-

tained an allegation that the defendant had not been accorded a preliminary examination, and announced that the motion and plea in abatement were for "hearing on all grounds assigned," the court erred in subsequently ruling that defendant, by entering his plea of not guilty, had waived his right to a preliminary hearing; having exercised its discretion in defendant's favor, the previous waiver was likewise withdrawn, and the court was bound to hear the plea in abatement and to determine it upon its merits.

*Held*, by WHITE, J., dissenting, that a plea of not guilty is not itself a waiver of defendant's right to a preliminary hearing, but waiver is implied and is incidental, and a withdrawal of the plea does not withdraw the waiver, or the effect of his previous conduct; that having once, with full knowledge of his right, elected, by his conduct, to waive his right to a hearing, his election is conclusive, and he cannot withdraw his waiver directly or indirectly.

*Held*, also, that the record shows that the trial court at first declined to permit defendant to file his motion or plea in abatement, distinctly stating that he had waived his right to a preliminary hearing by his plea of not guilty, and was persuaded to concede that the motion would be considered on all grounds assigned only upon being reminded that an amended information had been filed, which apparently charged a different offense, which, if true, would have entitled defendant to a preliminary hearing, but the fact being that the amended information did not charge a different offense, the original waiver stood, and the judgment should not be reversed on the sole ground that defendant was not accorded a preliminary hearing.

2. ———: Limitations. The institution of a criminal prosecution dates from the filing of an information or the presentation of an indictment, and not from the date the affidavit is filed with the justice of the peace. Therefore where defendant, · charged with arson, was arrested and brought before a justice of the peace three days before the expiration of the period of three years after the crime was charged to have been committed, his prosecution would have been barred by setting his preliminary hearing by agreement for nine days later.

3. ———: In Absence of Counsel and Witnesses. The accused is entitled to be represented by counsel at his preliminary hearing and to have a sufficient time to procure the attendance of his witnesses; and a hearing against his protest, in the absence of his known counsel and of his witnesses, and without giving him time to procure either counsel or witnesses, violates the statutes (Secs. 3819, 3822, R. S. 1919).

4. ————: **Within Three Years: Filing Information on Last Day.**
The law requires that the right to a preliminary hearing be accorded accused before an information charging him with a felony is filed, and prosecutions for such felonies as arson must be instituted by the filing of an information or indictment within three years after the commission of the alleged offense; and if through inadvertence or inattention the accused is not arrested and brought before the justice until the three-year period is about to expire, and a preliminary hearing such as the statutes contemplate is not accorded him until the period has fully expired, he is entitled to be discharged.

Headnotes 1 to 3: Criminal Law: 1, 16 C. J. secs. 566 (1926 Anno), 728; 2, 16 C. J. sec. 355; 3, 16 C. J. secs. 572 (1926 Anno), 579. Headnote 4: Criminal Law, 16 C. J. secs. 341, 344; Indictments and Informations, 31 C. J. sec. 139 (1926 Anno).

Appeal from Ralls Circuit Court.—*Hon. Charles T. Hayes,* Judge.

REVERSED.

*Ely & Hulse* and *E. L. Alford* for appellant.

In overruling the defendant's motion to quash the information and his plea in abatement of the prosecution of this cause the trial court committed reversible error. Sunday v. State, 14 Mo. 417; State v. Allen, 174 Mo. 689; 16 C. J. 399, 400, 414; State v. Taylor, 57 W. Va. 228; State v. Pine, 56 W. Va. 1; Gibbons v. Territory, 5 Okl. 212; Brannigan v. People, 3 Utah, 488; Nordan v. State, 143 Ala. 13, 39; Thayer v. State, 138 Ala. 39; Hughes v. State, 17 Ga. App. 611; State v. Snyder, 182 Mo. 462.

*Jesse W. Barrett,* Attorney-General, and *George W. Crowder,* Assistant Attorney-General, for respondent; *Rendlen & White* of counsel.

(1) A preliminary examination is not a criminal prosecution but is merely a preliminary inquiry for the purpose of determining to the satisfaction of the justice that the crime alleged in the complaint was committed,

and whether there is probable cause to believe the accused guilty of said crime. State v. Jeffries, 210 Mo. 302, 14 Ann. Cas. 524; State v. Flannery, 263 Mo. 579; State ex rel. v. Nast, 209 Mo. 708; Ex parte Bedford, 106 Mo. 616; 16 C. J. 313; State v. Ferguson, 278 Mo. 119. (2) The preliminary examination may be waived, and is waived if the accused, at the time of his arraignment, pleads the general issue, as was done in this case. Ex parte McLaughlin, 210 Mo. 657; State v. Dooms, 280 Mo. 84, 93; 16 C. J. 310, sec. 565; State v. Ferguson, 278 Mo. 119; State v. Langford, 293 Mo. 436, 441; State v. Rozell, 225 S. W. 931, 16 A. L. R. 400. (a) A waiver of a preliminary examination, whether express or by implication, estops an accused from subsequently claiming his right to be discharged on the ground that no preliminary was accorded to him. (b) The trial judge twice ruled that the defendant had waived any alleged lack of preliminary hearing. (c) Alleged lack of preliminary is a mere subterfuge. State v. Flannery, 263 Mo. 288. (d) The only intimation ''of well defined injury to accused'' concerning the preliminary, is that defendant was unable to put it off to a time when the Statute of Limitation would have prevented a trial upon the charge at all. All witnesses defendant used at the trial were at preliminary save four character witnesses. State v. Flannery, 263 Mo. 579. (e) In giving bond without objection, which defendant did readily on being bound over by the magistrate, he waived any alleged lack of or irregularity in the preliminary. State.v. Flannery, 263 Mo. 591; Cunningham v. State, 116 Ind. 433; State v. Ritty, 23 Ohio St. 562; Nowak v. Waller, 56 Hun, 642, 10 N. Y. Supp. 199, 132 N. Y. 590; Hopkins v. State, 5 Ga. App. 700; Lowry v. State, 5 Ga. App. 701; 16 C. J. 318, sec. 566; State v. Pay, Ann. Cas. 1917E, p. 173, note p. 183.

DAVID E. BLAIR, P. J.—Defendant was convicted of arson in the fourth degree, was sentenced to imprisonment in the penitentiary for a term of two years, and has appealed.

On November 6,. 1922, defendant appeared in the circuit court in person and by counsel and waived the reading of the information and entered a plea of not guilty. Thereafter, on November 23, 1922, the case came on for trial, and the prosecuting attorney asked and was given leave to amend the information in particulars which are not here important and also to indorse names of certain witnesses thereon. Thereupon the following occurred:

"MR. HULSE: Defendant withdraws plea heretofore entered and desires leave to file motion to quash and plea in abatement.

"COURT: Leave is granted.

"Mr. Hulse reads motion to quash and plea in abatement."

The motion and plea in abatement, among other grounds, rested on the proposition that defendant had not been accorded a preliminary examination as provided by Chapter 25, Article 5, Revised Statutes 1919. Thereupon the following occurred:

"COURT: Hear you on the second ground.

"MR. HULSE: Think entitled to be heard on all grounds.

"COURT: You waived that by making plea.

"MR. HULSE: If we withdraw the plea by leave of court which has been done we—have authority, if withdraw the plea—

"COURT: Set aside the order granting leave, it is a waiver—set aside the order granting leave to file motion on that point; my view is, when enter plea of not guilty and had it set for trial and jury ordered to be here and try the case you had waived that point. If I had known when you asked for leave to file this motion that it contemplated that point .I would not have given you leave because you had waived it.

"MR. HULSE: Authorities hold to this effect; that if we proceed to trial we waive it, that is as far as any case has gone, if proceed to trial and answer not guilty and so through the trial you cannot thereafter be heard to complain, can't raise it.

"COURT: If you show me authority that holds you have not waived it by entering your plea, I will change this ruling freely and willingly, I have been under the impression entering plea is waiver.

"MR. HULSE: Here is another matter perhaps not occurred to the court; an amended information has been filed by the State and there has been no plea whatever made to that amended information; and we are certainly entitled now to raise any question that could ever have been raised in this case—information amended in material respect.

"COURT: That makes a difference, order last made set aside. You are granted the leave to file it. Motion to quash and plea in abatement is for hearing on all grounds assigned.

"MR. RENDLEN: I don't understand—

"COURT: The motion to quash and plea in abatement is for hearing on all grounds assigned."

Evidence was then introduced upon said motion to quash and plea in abatement. The trial judge announced his opinion that defendant had not been accorded such preliminary examination, but held that he had waived his right to such preliminary examination and said:

"Now the defendant entered a plea of not guilty on the day on which this case—the day he was arraigned, first day of the term—both he and counsel well knew at that time what transpired in the court of the Justice of the Peace Miller; they knew whether or not he had been accorded a preliminary examination such as the law entitled him to, his counsel well knew it; with that knowledge in mind the counsel and the defendant did not at that time refuse to plead to the information and ask leave to file motion to quash or plea in abatement, but on the contrary, entered a plea of not guilty, thus tender as law says, the issue, by so doing he waived this right to preliminary examination; that is a primary right that is accorded him if he sees fit to take advantage of it at the proper time and in the proper way; he waived it by tendering the plea of not guilty. That was the im-

pression the court had when he read the plea in abatement. I have investigated the authorities since, and I am still of that opinion. Overrule the plea in abatement.''

It must first be determined whether the trial court erred in holding that defendant waived preliminary examination under the circumstances above detailed. It is conceded by defendant that, when a defendant pleads to an indictment or information, he waives the right to a preliminary examination. With full knowledge that the plea in abatement was based upon the contention that defendant had not been accorded a preliminary examination, the trial judge granted defendant leave to withdraw his plea of not guilty and to file said motion to quash and plea in abatement. It was with such knowledge that the trial judge said: ''The motion to quash and plea in abatement is for hearing on all grounds assigned.''

It is the general rule that a defendant is not entitled, as a matter of right, to withdraw a plea duly made to an indictment or information for the purpose of filing a plea in abatement or interposing other objections which should have been raised before entering his plea. [16 C. J. 396; State v. Allen, 174 Mo. 689; Sunday v. State, 14 Mo. 417.] It is said in 16 Corpus Juris, at page 397, that ''the withdrawal of a plea, being a 'matter of favor,' the court has the right in its discretion to couple with its leave such conditions as it may deem proper.'' [See also Mills v. State, 76 Md. 274.]

The trial judge undoubtedly could have denied outright defendant's request for permission to withdraw his plea or could have permitted him to withdraw it upon the condition that he could not attack the proceedings prior to the filing of the information in the circuit court. But the court granted permission for the withdrawal of the plea unconditionally and gave defendant leave to go into all grounds assigned in the motion which he then knew contained the allegation that defendant had not been accorded a preliminary examination.

The effect of such leave to withdraw and to be heard same position he would have occupied if he had filed such upon the plea in abatement was to place defendant in the plea before he entered his plea of not guilty to the information. Having exercised its discretion in defendant's favor, the trial court was bound to hear the matter contained in such plea in abatement and to determine it upon its merits as if such plea had been timely presented. To rule otherwise is to render meaningless all the cases holding that, after plea to the merits, a defendant may withdraw such plea by leave of court to file his plea in abatement.

No case on the exact point from our own jurisdiction has been found.

In the case of Drakopulos v. Biddle, 288 Mo. 1. c. 435, a civil case, this Division said: "It is true that the permitting of amendments is largely within the sound discretion of the trial court. The court having exercised its discretion in plaintiff's favor and having permitted the substitution of the widow as party plaintiff, we are justified in assuming that it would not have stricken out the pleading except for the supposed departure. We are satisfied that was not a sufficient reason." In that case we held that the trial court erred in its ruling in striking out an amended petition after such amended petition was filed, not as a matter of right, but by leave of court in the exercise of its sound discretion.

In Sunday v. State, supra, this court said: "There is nothing wrong in the action of the court in striking out the plea of misnomer. The defendant should have relied on his plea in abatement at first, by then pleading it, instead of pleading not guilty; or if he wished to test the validity of his plea, after having pleaded not guilty, he should have moved the court for leave to withdraw the plea of not guilty and for permission to file his plea in abatement. This he failed to do, and he has no reason to complain that the court unceremoniously cut out his plea thus improperly filed."

In State v. Taylor, 57 W. Va. 228, defendant was charged with murder and entered a plea of not guilty, which was afterward withdrawn by leave of court. Defendant then offered to file a plea in abatement challenging the regularity of the organization of the grand jury which returned the indictment against him. The trial court refused to permit the plea in abatement to be filed and such ruling was assigned as error. POFFENBARGER, J., said: "I think the plea came too late and was properly refused for that reason, but my associates are of a different opinion. They do think that, after the plea in bar had been entered, the court had discretion to refuse to allow it to be withdrawn and the plea in abatement entered, but they think that, as the court permitted the former to be withdrawn, it had not discretion thereafter to refuse to entertain the latter."

We therefore hold that, when the trial court granted defendant leave to withdraw his plea of not guilty, and to file and be heard upon his motion to quash and plea in abatement, the previous waiver of the right to a preliminary examination was also withdrawn and the trial court should then have passed upon the merits of such plea in abatement.

Of course, if the evidence adduced upon such plea shows that defendant was in fact accorded a preliminary examination, as provided by Chapter 25, Article 5, Revised Statutes 1919, the foregoing error was harmless. It must, therefore, be next considered whether such preliminary examination was accorded to defendant. Before discussing this point, it is necessary to state that defendant was charged with burning several stacks or ricks of wheat belonging to a neighbor living upon an adjoining farm. The fire occurred on the evening of August 11, 1919. Defendant was arrested and appeared before a justice of the peace on August 8, 1922. Through inadvertence or inattention to the rapidly approaching bar to prosecution afforded by the Statute of Limitations, the preliminary examination was allowed to be set by agreement for August 17, 1922, at a time when it would be too

late to institute a prosecution against defendant for such arson. This was so because the institution of a criminal prosecution dates from the filing of an information or the finding of an indictment, and not from the date the affidavit is filed with the justice of the peace. [State v. Criddle, 259 S. W. l. c. 430, and cases cited.]

The prosecuting attorney soon discovered his predicament and on August 11, 1922, caused defendant to be brought before the same justice of the peace upon the charge of poisoning horses. When he got him in said court he called defendant's counsel by telephone, explained the situation and insisted upon holding the preliminary examination upon the arson charge that day instead of August 17th. Counsel stood upon the agreement as to setting of the case and refused to waive the rights of his client and also pleaded an engagement elsewhere which prevented his attendance. The prosecuting attorney told counsel of his intention to proceed nevertheless. He thereupon dismissed the complaint upon which the preliminary examination had been set for a later date and filed a new affidavit with the justice, charging defendant with the same arson, and caused his arrest upon a warrant issued thereon, and proceeded to hold an alleged preliminary examination upon such new complaint.

The foregoing facts were developed without substantial controversy at the hearing upon the plea in abatement and are gleaned from the bill of exceptions. It also appears without contradiction that defendant said he was not ready to proceed at that time with the preliminary examination. The prosecuting attorney and special counsel for the State testified that they did not recall defendant stating that he was not ready because his counsel was absent or because he had no opportunity to procure the attendance of witnesses. However, a number of witnesses for defendant testified positively that defendant said he was not ready and had no attorney and no witnesses and it is clear from the great prepon-

derance of the testimony that such was defendant's announcement when the case was called for hearing.

The docket entry of the justice of the peace shows that the first complaint was dismissed by the prosecuting attorney upon his own motion, the defendant being present and making no objection. The docket entry made concerning the filing of the second complaint and the holding of the alleged preliminary examination thereon shows that defendant entered a plea of not guilty and that the justice of the peace accorded to defendant the right to a preliminary examination, "the defendant appearing in person without an attorney and making no objection to holding said preliminary hearing."

As a witness the justice of the peace testified that he did not remember defendant saying anything except that he was not ready. He did not remember anything being said about absence of counsel or witnesses. The justice of the peace was also a merchant and was waiting upon his customers from time to time during the occurrence of the events which are in controversy. The trial judge was of the opinion that defendant was not accorded a preliminary examination as provided by law. We quote from the bill of exceptions which sets out his ruling as follows:

"It is very clear to the court that this defendant was not accorded a preliminary examination prescribed by law. I take it it is unnecessary to go into all the details of the reasons that moved the court in reaching that conclusion. However, I will state briefly that the State, with the knowledge of the time of the commission of the alleged offense, if it was committed, proceeded to file an information—affidavit—before the justice of the peace as basis for preliminary hearing; filing it on the 8th day, I believe it was, of August of this year; defendant was arrested and appeared before the justice, and by consent appeared there, I believe the record says in person and by counsel. (MR. HULSE: No sir, I never was in court). And by agreement with defendant and prosecuting at-

torney the day for preliminary hearing was continued to
August 17th. Mr. Stout at that time knew that Mr. Hulse
was counsel for the defendant and made that agreement
knowing it. In the meantime I apprehend that Mr. Stout
discovered that limitation was about to run on this prose-
cution and he conceived the idea of starting a new prose-
cution and getting out from under this continuance; with
that purpose in mind he prepared an information and
made affidavit to it before the deputy circuit clerk on
the 10th day of August, but he did not file it, merely made
affidavit and withdrew it, same as if sworn to before
another officer, so the paper had no life at that time as
a paper. I take it it was not necessary for him to make
affidavit to the paper. The information alleges that it
is made upon his official oath without additional affidavit,
as I recall the law. Now afterwards, the next morning,
for the purpose of having the information filed on that
day, the 11th, at an hour subsequent to the time of hold-
ing of the preliminary examination, which he then had
in mind to have held by Justice Miller on a new affidavit
which he then contemplated filing before the justice, he
left this paper with the deputy circuit clerk with instruc-
tions to file it when he should call him up and further
instruct him so to do, he goes to Ilasco and in the mean-
while having sued out another prosecution, made an-
other affidavit against the same defendant, charging a
separate and different offense, that is of poisoning ani-
mals, and knowing of the issuance of the warrant per-
haps and of the fact that defendant was retained under
the last-mentioned warrant, prosecuting attorney dis-
misses this new—this old—charge, first charge filed on
the 8th, but the record says, 'Defendant makes no objec-
tion.' Defendant is not learned in the law, having coun-
sel absent as the justice and the prosecuting attorney well
knew, he was not required to make any objection to the
dismissal. It was in his favor, did not waive his rights
if he did fail to make objection. While being held under
the poisoning charge he was proceeded against in the
known absence of his known counsel and required to re-

main to the preliminary held by the State over his protest, that was in effect no preliminary as contemplated by the law. The law means to give every man a chance to present his defense. They gave him no chance, necessarily unprepared by reason of having had the original case continued to the 17th; not required to be prepared until the 17th had arrived, he was compelled to remain to the trial and bound over.''

It must have been anticipated that the alleged preliminary examination might be challenged, else why the recital in the docket entry of the justice of the peace that defendant made no objection to the holding of the examination when it was conceded by everyone present that defendant had asked for the postponement of the examination because he was not ready?

Suggestion is made that defendant had his witnesses with him at the preliminary examination. This is altogether unlikely, because defendant did not expect the original complaint to be heard until August 17th, and it does not appear that he had any advance information that a new affidavit was to be filed against him. The testimony shows that the persons who accompanied him to the justice of the peace court were either close relatives or proposed bondsmen on the horse-poisoning charge.

Section 3819, Revised Statutes 1919, provides for continuance from time to time to enable the accused to procure the attendance of witnesses in his behalf. Section 3822 provides that the justice of the peace shall allow the accused reasonable time to advise with his counsel and for that purpose to send for counsel, if accused requires it. It is therefore clear that defendant was entitled to be represented by counsel and to have sufficient time to procure the attendance of his witnesses. These rights of defendant were entirely and unceremoniously denied. In agreement with the trial court we hold that it is very clear that defendant was not accorded a preliminary examination, as prescribed by law.

Nor can the argument of the exigencies of the situation in which the prosecuting attorney found himself be permitted to deprive defendant of his clear right to a preliminary examination, aided by counsel and with his witnesses in attendance. The law requires that the right to a preliminary examination be accorded accused before the prosecuting attorney may file his information charging him with a felony. [Sec. 3848, R. S. 1919.] Prosecutions for a felony such as arson must be instituted by the filing of an information (or finding of an indictment) within three years after the commission of the alleged offense. The Legislature must be held to have contemplated that sufficient time elapsed within such three-year period for all the necessary preliminary steps to be taken before the information or indictment must be filed on or before the last day of the three-year period. In other words and in practical effect, the Statute of Limitations runs short of such three-year period by just so much time as is necessary to accord accused a preliminary examination or for the convening and organization of a grand jury and the finding of an indictment by it.

Such being our view of the alleged preliminary examination, it becomes unnecessary to consider other assignments of error. Under ordinary circumstances, the errors above pointed out could only result in the reversal of the judgment and remandment of the case for further proceedings. But under the situation here presented, an order remanding the case would be useless. It is now too late to accord defendant a preliminary hearing and thereafter file an information and prosecute same, because prosecution upon such charge is already barred by the Statute of Limitations.

It is, therefore, ordered that the judgment be reversed and that defendant be discharged. *Walker, J.*, concurs; *White, J.*, dissents in separate opinion.

WHITE, J. (dissenting).—I dissent from the conclusion reached by DAVID E. BLAIR, P. J., in holding that

the withdrawal of the defendant's plea in abatement operated to withdraw his waiver of preliminary hearing.

I.   The statute makes that provision for his benefit, so that he may ascertain what evidence the State has to produce against him.   It is not a necessary proceeding unless he demands it.  He may feel that it is to his advantage to waive preliminary hearing, and he may waive it either directly or by conduct.   In this case he waived it by his conduct.   This is not disputed. The charge was preferred against the defendant in August, 1922.   November 6, 1922, he waived the reading of the information and entered a plea of not guilty.   This conduct is conceded to be a waiver of the right to preliminary hearing.   More than two weeks afterwards he asked leave to withdraw his plea of not guilty, and the leave was granted.   He claims by that act to have withdrawn his waiver.   The plea of not guilty is not itself a waiver.   The waiver is implied and is incidental.   Can the withdrawal of the plea withdraw the incidents of the plea?   Does the withdrawal of the plea withdraw the effect of the conduct which constitutes the waiver?   This is analogous to the result which occurs in a civil case where a defendant who has not been served with process files an answer and thereby waives the service of process.   He may withdraw his answer, but he cannot withdraw his appearance.   By answering he waives any irregularity that might have occurred in the service, such as an improper sheriff's return or service out of the jurisdiction of the officer serving.   By answering he waives all such irregularities.   He may withdraw his answer, and demur to the petition.   The demurrer would affect only infirmities appearing upon the face of the petition, not upon any proceeding subsequent or prior to the filing of the answer.

II.   The general rule is that a waiver once made cannot be recalled either directly or indirectly.   [People's State Savings Bank v. Railroad, 192 Mo. App. 631; Carp v. Queen Ins. Co., 116 Mo. App. 543.]   The appellant, with full knowledge of his rights,

by his conduct waived his right to a preliminary hearing; having waived it he cannot recall it directly nor incidentally by some other act, any more than a defendant who has entered his appearance in a case can withdraw his appearance.

A waiver is sometimes defined as an election to dispense with an advantage which might have been insisted upon. [40 Cyc. 252.] An election once made is conclusive and cannot be recalled. [20 C. J. 38.] It is clear here that the defendant suffered no disadvantage, and does not claim to have suffered any, by failure to have a preliminary hearing.

III. The general rule is that a defendant in a criminal case is not entitled, as a matter of right, to withdraw a plea to an indictment or an information in order that he may file another plea, or interpose objections which should have been presented before the plea. It was within the discretion of the trial court to permit the plea to be withdrawn and to make conditions of its withdrawal. The excerpt from the record appearing in the majority opinion shows that on hearing the motion to quash, the court at first declined to allow the plea to be filed or presented on that ground, distinctly stating that the defendant had waived his right to preliminary hearing. Then the attorney for the defendant called the court's attention to the fact that the amended information had been filed by leave of court, to which there had been no plea, and consequently no waiver of preliminary hearing—this apparently upon the theory that the amended information charged an offense not charged in the original information. The court then permitted the motion to be filed for hearing upon all the grounds assigned. Of course, if the amended information had in fact charged a different offense from that charged in the original information, then the defendant would have been entitled to a preliminary hearing upon that charge and, having been deprived of it, his motion would have been well taken. That

*Marginal note:* Granted upon Condition.

apparently was the reason why the court permitted him to file the motion; however, it turned out that the amended information did not charge a different offense. The court overruled the motion and in a succinct statement, which is set out in the majority opinion, gave his reasons for overruling it, relating the circumstances which showed a waiver of preliminary hearing by the conduct of defendant and his counsel. The proceeding at the time, including a colloquy between the court and the counsel, shows that the court did not intend to permit the defendant to withdraw his waiver; that the withdrawal of the plea was conditional, and the court consented to hear the plea on all grounds, including the alleged denial of a preliminary hearing, because an amended information was filed which turned out to be no amendment so far as its effect upon the charge is concerned.

The majority opinion does not consider any other point presented by the appeal, and bases the ruling discharging the defendant alone upon the want of preliminary hearing.

I have not examined the record to determine whether there are other errors which entitle the appellant to a reversal, but if there are none other than the alleged errors considered the judgment should be affirmed.