## ELMER LEIBY V. STATE OF NEBRASKA.

FILED JULY 12, 1907. No. 14,956.

1. **Industrial Schools: COMMITMENT: FINDINGS.** A county judge, in committing a boy who has been found guilty of a criminal offense to the industrial school, is not required by section 9736, Ann. St., to make a written finding that the accused is a boy of sane mind and under 18 years of age.

2. ———: **FINDINGS: PRESUMPTIONS.** When, in such a case, the court makes a written finding that "the accused is a fit subject for the industrial school," and orders him committed to that institution, and the age of the accused is stated in the order, it will be presumed, on error, and in the absence of a direct showing to the contrary, that the court ascertained and found all of the facts necessary to support the order.

3. **Criminal Law: PLEA OF GUILTY.** A plea of guilty to a criminal complaint is equivalent to a finding of guilt, and will sustain such an order.

4. **Industrial Schools: SENTENCE: WARRANT OF COMMITMENT.** In committing a boy to the industrial school, the county court should not fix a definite and determinate sentence, because the law fixes the time when the accused shall be released, and it is sufficient in that regard if the warrant of commitment contains a statement of his residence and age.

5. **Criminal Law: Record: Presumptions.** In a proceeding in error, where the record does not contain a copy of the warrant of commitment, it will be presumed that such warrant conforms to all of the requirements of the law.

Error to the district court for Thayer county: Leslie G. Hurd, Judge. *Affirmed.*

*T. C. Marshall,* for plaintiff in error.

*W. T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

Barnes, J.

On the 18th day of January, 1906, one Elmer Leiby, a minor, was charged in the county court for Thayer county with daylight burglary and larceny. Two days thereafter he was arrested and brought into court, accompanied by his father, where, as shown by the record, the following proceedings were had: "And now on this 20th day of January, 1906, at the hour of 5 o'clock P. M., this cause came on for hearing at the county court rooms of said county of Thayer and state of Nebraska, and the defendant being brought into open court, and the father of the said defendant, B. F. Leiby, being present in court, was fully advised as to the nature of the complaint. The defendant was arraigned, and pleaded guilty to the charge. On consideration I find that the said Elmer Leiby is a fit subject for the industrial school. It is therefore considered that said Elmer Leiby be committed to the state industrial school under the provisions of section 9736 of Cobbey's Annotated Statutes of 1903, to remain until released by due course of law. J. B. Skinner, County Judge, Thayer County." Thereupon the county judge made out his order or warrant as provided by law, and the accused was conveyed to the industrial school at Kearney, where he now is. On June 9, 1906, his father, as his next friend, filed a petition in error in the district court for Thayer county, praying for a reversal of the

order of the county court above set forth. The hearing resulted in an affirmance of the judgment, and the cause was thereupon brought to this court.

It is contended that the district court erred in affirming the order of the county judge because he failed to find (1) that the accused was a boy of sound mind; (2) the age of the accused; (3) that the accused was guilty of the offense charged; and (4) the court failed to fix a definite and determinate sentence. The section of the statutes which is the foundation of the proceedings in question reads as follows: "When a boy of sane mind under the age of eighteen years shall in any court of record in this state be found guilty of any crime, except murder or manslaughter, or who for want of proper parental care or other cause is growing up in mendicancy or crime and complaint is made therefor and properly sustained, the court may, if in its opinion the accused is a proper subject therefor, instead of entering judgment or sentencing said boy to the penitentiary, cause an order to be entered that said boy be committed to the state industrial school, in pursuance of the provisions of this act, and a copy of said order under the usual seal of said court shall be sufficient warrant for carrying said boy to the said school, and for his commitment to the custody of the superintendent thereof." Ann. St. sec. 9736. This section was under consideration in the case of *Scott v. Flowers*, 61 Neb. 620, where it was held that the county court is always, and under all circumstances, a court of record, and the county judge, in whatever official capacity he may act, is a judge of a court of record, and that the county court has final jurisdiction of the matters embraced in the section above quoted. From an examination of the act in question, it appears that the county court is not required to enter in the record the finding, in express words, that the accused is of sane mind, and under the age of 18 years, and it would seem that the only finding necessary to support the order is that, "in the opinion of the court, the accused is a proper subject to be committed to the

state industrial school." In *Ex parte Williams,* 87 Cal. 78, it was said: "If the record was silent on the subject of age, it being a case where written findings are not required, the presumption would be that the court had done its duty, and found the fact to be such as to warrant the judgment given." And that was a case wherein the prisoner, in place of being sentenced to the penitentiary, was committed to the house of correction under a statute somewhat similar to our own. Indeed, the rule is that "when jurisdiction of the parties and of the subject matter affirmatively appear, every other matter necessary to support the judgment will on error be presumed, unless it is required by statute to appear of record, or unless it be preliminary and necessary to the right to exercise jurisdiction." *Hansen v. Bergquist,* 9 Neb. 269. The county court being a court of record, and the statute not requiring a written finding of the sanity and the age of the accused, it will be conclusively presumed, until the contrary is affirmatively shown, that the court ascertained those facts before making the order complained of. From a further examination of the act, we find, however, that section 9470, Ann. St., provides: "The judge shall certify in the warrant the place in which the boy resided at the time of his arrest, also his age or as near as can be ascertained, and command the said officer to take the said boy and deliver him without delay to the superintendent of said school or other person in charge thereof, at the place where the same is located and established, and such certificate, for the purpose of this act, shall be conclusive evidence of his residence or age. Accompanying this warrant the judge shall transmit to the superintendent, by the officer executing it, a statement of the nature of the complaint, together with such other particulars concerning the boy as the judge is able to ascertain." We also find that the record contains no copy of the order or warrant committing the accused to the industrial school, and it will be presumed, in the absence thereof, that it contains the necessary findings as to the age and resi-

dence of the accused. So it would seem that the county
judge complied with all of the requirements of the law
in the first two matters complained of.

The assignment that the county court erred in not find-
ing the accused guilty is not seriously urged. Indeed,
we do not see how any reasonable contention could be
founded on this assignment. The record discloses that
the accused entered a plea of guilty. That this was the
equivalent of a finding of guilt by the trial court, there
can be no doubt. Upon the entry of such plea, the county
judge is clothed with jurisdiction to make such further
examination and orders in the case as may be proper and
necessary.

Finally, it is urged that the order of the county court is
void because it failed to fix a definite and determinate
sentence in this case. It is a sufficient answer to this con-
tention to say that the statute nowhere authorizes the
court to pass such a sentence. The section quoted pro-
vides what the court shall do. Section 9742, Ann. St.,
provides: "Each boy committed to the school, under the
provisions of this act, shall remain there until he arrives
at the age of twenty-one years, unless sooner paroled or
legally discharged." Under a like statute, it was held in
*People v. Degnen*, 54 Barb. (N. Y.) 105: "A commitment
of a juvenile offender to the house of refuge, in the city of
New York, need not specify the period of imprisonment.
The law fixes that, by directing that persons committed
to the house of refuge shall be detained in its custody as
follows: Males until their majority, and females until
the age of eighteen." The order or warrant by which he
is committed to the custody of the superintendent of that
institution contains a statement of his age and his place
of residence. That order is delivered to the superintend-
ent with the accused, and nothing is required but an
examination of the order of commitment to determine
the time when the accused is entitled to his discharge.

An examination of the act in question impresses us with
the spirit of beneficence which pervades all of its provis-

ions. Our industrial school is not a place of punishment. It is a place of education and reformation. This law affords the courts an opportunity to commit a boy, of sane mind, and under 18 years of age, who has been found guilty of a violation of the criminal laws of the state, or has pleaded guilty to such a charge, to that school, instead of sending him to the penitentiary, and thus branding him as a criminal for life. Instead of sending the unfortunate boy, who by reason of parental neglect or improper environment has arrived at such a condition morally and mentally as to be unable to resist the allurements of crime, to prison, there to become the associate and companion of confirmed criminals, the court places him where he will be instructed in the principles of morality, and in such useful branches of knowledge as are taught in the public schools of the state, together with the principles of mechanical arts, and he is also taught such practical trade as is best suited to his age and strength, and best adapted to enable him to honorably support himself after he reaches the age of majority. It is further provided that when he reaches that age, if he has not already been released, he shall be discharged, and such discharge shall be a complete release from all penalties incurred by the conviction of the offense for which he was committed. So it would seem that the legislature in passing this law was actuated by that high moral sentiment which accords with the best thought of our enlightened civilization, and by a laudable desire to benefit both the state and the individual. We feel that, as a court of review, we should construe this act liberally, and uphold the orders of the courts of original jurisdiction enforcing its provisions, unless such orders are found to be fatally defective.

We are of opinion that the record in this case contains no reversible error, and the judgment of the district court is therefore

AFFIRMED.