LESLIE CLARK, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

34 N. W. 2d 877

Filed December 10, 1948.   No. 32513.

*Lloyd E. Peterson* and *Betty Jean Peterson Sharp,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Clarence S. Beck,* for defendant in error.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

This case presents the question as to whether or not, after a plea of guilty to a misdemeanor in county court, and on petition in error to the district court under section 29-617, R. S. 1943, the district court should admit and consider evidence that the offenses charged were in fact committed in a county other than where charged. The district court refused to admit the evidence. We affirm the judgment of the district court.

The record recites that complaint was filed in the county court of Otoe County charging in three counts that plaintiff in error (hereinafter referred to as plaintiff) on or about March 5, 1946, operated a motor vehicle while under the influence of alcoholic liquor, refused and failed to obey the lawful order of a member of the Nebraska Safety Patrol, and drove a motor vehicle upon the streets and highways with a willful and wanton disregard for the safety of persons or property; that all three counts charged that said acts were done within the county of Otoe; that on March 5, 1946, plaintiff appeared in court, the complaint was read to him, he was advised of his constitutional rights by the court, and he entered a plea of guilty to each of the three counts; and that the court found the plaintiff guilty on each of the three counts and adjudged the penalties as to each count.

On March 6, 1946, plaintiff filed his petition in error in the district court for Otoe County under the provi-

sions of section 29-617, R. S. 1943. A transcript of the proceedings in the county court was filed in the district court. Plaintiff charged that there were errors appearing "from the face of the record" in the following particulars: The sentence was excessive; he was not advised of his rights—nor of the penalty for the crimes charged; he was ignorant of the law and was not guilty of the crimes charged; and he was being deprived of liberty without due process of law, in violation of article I, section 3, of the Constitution.

On March 23, 1946, the defendant in error by the county attorney of Otoe County answered, joining issue.

On January 22, 1947, our decision in Kissinger v. State, 147 Neb. 983, 25 N. W. 2d 829, was filed.

On November 14, 1947, the petition in error was set for trial. On December 15, 1947, plaintiff was given leave to amend his petition. He thereupon filed an amendment to his petition in error, in which he alleged that the offenses charged in the three counts of the information were committed in Nemaha County, and that by reason thereof the county court of Otoe County was without jurisdiction to hear, try, or determine the issues. Defendant in error denied the allegations of the amended petition.

On January 22, 1948, hearing was had. Plaintiff moved to withdraw his plea of guilty entered in the county court, and upon objection the motion was denied. Plaintiff then introduced the original records of the county court, being the complaint and the findings and judgment of the court.

Plaintiff then offered himself as a witness and offered to testify that any offense or offenses upon which the charges were made were committed in Nemaha County and not in Otoe County. Objection was made to the introduction of this evidence and sustained by the court.

At the conclusion of the proceedings the trial court dismissed the petition in error and directed the county court to cause its sentence and judgment to be executed.

Motion for a new trial was made and overruled.

Plaintiff brings the cause here by petition in error. His assignments of error are that the district court erred in refusing to admit evidence that the alleged offenses were committed outside of Otoe County; that the court erred in refusing to consider venue as a jurisdictional fact, and in refusing to consider the law that "All criminal cases shall be tried in the county where the offense was committed unless it shall appear to the court by affidavits that a fair and impartial trial cannot be had therein; in which case the court may direct the person accused to be tried in some adjoining county." § 29-1301, R. S. 1943.

The complaint filed in the county court charged as to each count the commission of an offense by plaintiff in Otoe County. To this complaint plaintiff pleaded guilty. A plea of guilty to a criminal complaint admits that the offense was committed, the time and place of its commission, and the identity of the person committing it, as charged; it is an admission of record of the truth of the charges made; it renders unnecessary the proof of the facts alleged; and it supports a finding of guilt made thereon. Leiby v. State, 79 Neb. 485, 113 N. W. 125; Ex parte Dusenberg, 325 Mo. 881, 30 S. W. 2d 94; People v. Bellon, 180 Cal. 706, 182 P. 420; State v. Brown, 60 Wyo. 379, 151 P. 2d 950.

It follows that plaintiff presented to the district court a petition in error containing an adjudication that certain offenses were committed and that he had committed the offenses at the time charged and in Otoe County. Plaintiff by the tender of the rejected evidence sought to retry the issue of fact as to the venue of the offenses. He, therefore, undertook by the introduction of evidence outside the record to secure a new trial on an adjudicated issue of fact by error proceedings rather than by appeal.

Section 29-621, R. S. 1943, provides: "Upon hearing of a petition in error, the court may affirm the judgment

or reverse it in whole or in part, and order the accused to be discharged."

Under a similar statute involving an error proceeding in a civil case, we held that the jurisdiction of an appellate court extends only to reviewing the record made in the trial court, and affirming, reversing, vacating, or modifying the judgment of the trial court upon the record there made. Original evidence cannot be received in the appellate court to support or defeat the judgment of the trial court. McDonald v. Bowman, 40 Neb. 269, 58 N. W. 704. The same rule under the provisions of section 29-621, R. S. 1943, is applicable here. We applied it in effect in Steiner v. State, 78 Neb. 147, 110 N. W. 723. See, also, Ingraham v. State, 82 Neb. 553, 118 N. W. 320; Lee v. State, 124 Neb. 165, 245 N. W. 445.

By brief and in argument here plaintiff relies upon Ex parte Carr, 22 Neb. 535, 35 N. W. 409. That was an original action filed here for a writ of habeas corpus. Carr was indicted, tried, convicted, and sentenced for murder in Cheyenne County. The records of Cheyenne County failed to show the original or any copy of the indictment. We accepted secondary evidence as to the county in which the offense was charged to have been committed—not to contradict, but to prove the record. The record being established, we held that the trial court was without jurisdiction. The case has no application to the situation here.

The judgment of the district court is affirmed.

AFFIRMED.