STATE OF NEBRASKA, APPELLEE, V. PAULETTE WALKER, APPELLANT.

453 N.W.2d 482

Filed April 6, 1990.   No. 89-1362.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Herbert M. Fitle, Omaha City Attorney, and Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal from a judgment and sentence of the county court for Douglas County, Nebraska, which was affirmed on appeal to the district court for Douglas County. The offenses are described as "fraud" and "receiving stolen property" and as in violation of ordinances of the city of Omaha. As we are not favored in the record with a copy of the offended ordinances, nor of the complaint in which the essential elements of the crime are set forth, those elements may never be known, since the proceedings at the arraignment and sentence do not contain in the dialogue with the county court a clue as to the specifics of the acts of which this appellant pled guilty, without counsel. The appellant was sentenced to a single term of 40 days in jail.

Two errors are assigned: (1) The guilty plea is invalid, since the trial court failed to advise the defendant of the nature of the charges, nor did the court ascertain if the appellant understood the charges, and (2) the sentence is excessive.

Appellant failed to raise specific errors in the district court and thus, according to appellee, ought to be prohibited from raising any errors in this court. We considered this contention and rejected it in *State v. Erlewine,* 234 Neb. 855, 452 N.W.2d 764 (1990). At the same time, we announced a rule of practice of this court governing review of county court appeals to the district court after the filing date of *State v. Erlewine.*

The dialogue between the court and the appellant is as follows:

MR. WINCHESTER: Paulette Walker. State against Paulette Walker, M89-1326. Charged with fraud and receiving stolen property on January 9th, 1989.

THE COURT: Good morning. Are you Paulette

Walker?

MS. WALKER: Yes.

THE COURT: Ms. Walker, you have a right to be represented by an attorney. If you're indigent and cannot afford to hire an attorney, you're entitled to have a public defender appointed to represent you. Would you like to consult with or have an attorney present before you're required to plead to this charge?

MS. WALKER: No.

THE COURT: How do you wish to plead?

MS. WALKER: Guilty.

THE COURT: The maximum sentence is six months in jail, a $500 fine, or both. There is no minimum sentence so you could be fined as small as $1. Do you understand that?

MS. WALKER: Yes.

THE COURT: You have a right to have a trial. If you plead guilty there'll be absolutely no reason for a trial, and you'll be found guilty without a trial. Do you understand that?

MS. WALKER: Yes.

THE COURT: If there were a trial the State would call their witnesses before the Court. They'd testify under oath. You or your lawyer would have the right to cross-examine the witnesses. You'd have the right to remain silent. You cannot be compelled to testify against yourself or make any admissions concerning the matter. You have the right to the compulsory attendance of any witnesses that assist you in your defense. As I said, you're presumed to be innocent. You don't have to prove anything. The State has the burden of proving your guilt beyond a reasonable doubt. Now there'll be no trial if you plead guilty. Do you understand that?

MS. WALKER: Yes.

THE COURT: Has anybody threatened you to get you to plead guilty?

MS. WALKER: No.

THE COURT: You're doing so voluntarily?

MS. WALKER: Yes.

THE COURT: I'll receive into evidence the police report concerning the matter.

. . . .

THE COURT: I'm reviewing RB number 12123C.

. . . .

THE COURT: I find then the basis for the complaint to be valid — the complaints to be valid, and that the pleas are voluntarily and intelligently tendered. They will be accepted, and you will be found guilty.

In *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), with reference to the acceptance of a guilty or no contest plea, we said:

1. The court must

a. inform the defendant concerning (1) the nature of the charge; (2) the right to assistance of counsel; (3) the right to confront witnesses against the defendant; (4) the right to a jury trial; and (5) the privilege against self-incrimination; and

b. examine the defendant to determine that he or she understands the foregoing.

2. Additionally, the record must establish that

a. there is a factual basis for the plea; and

b. the defendant knew the range of penalties for the crime with which he or she is charged.

We conclude that the taking of the foregoing steps is sufficient to assure that a plea represents a voluntary and intelligent choice among the alternative courses of action open to a criminal defendant, the ultimate standard by which pleas of guilty or nolo contendere are to be tested.

*Id.* at 820, 394 N.W.2d at 883.

Facts gleaned from the police report and the presentence report indicate the charges arose out of an arrest at a local department store. The appellant was observed removing a clothing item from a rack and presenting it to an employee to claim a refund. An item found in a shopping bag was returned to another store. The item was assumed to be stolen, though neither the presentence nor the police report establishes that fact.

The specific command of *Irish* was not so much misapplied

in this proceeding as ignored.

Since we are dealing in criminal cases with human liberty, shortcuts from the *Irish* requirements will not be tolerated. The appellant was entitled to be informed of the nature of the charges and to a court determination that she understood them. She was not accorded that right. Therefore, the convictions must be reversed.

The second error will not be considered, as it is unnecessary to be decided.

REVERSED.