STATE OF NEBRASKA, APPELLEE, V. JAMES E. SCHWAB, APPELLANT.

458 N.W.2d 459

Filed July 27, 1990.   No. 89-1289.

Bruce Dalluge, of Morrissey, Morrissey & Dalluge, for appellant.

Robert M. Spire, Attorney General, and Yvonne E. Gates for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Pursuant to pleas, defendant-appellant, James E. Schwab, was adjudged guilty of theft by shoplifting, in violation of Neb. Rev. Stat. § 28-511.01 (Reissue 1989), and of theft by receiving stolen property, in violation of Neb. Rev. Stat. § 28-517 (Reissue 1989). He was thereafter sentenced to consecutive terms of imprisonment for a period of 1 year on each conviction. Schwab now urges, in summary, that the trial court erred in (1) accepting invalid pleas and (2) imposing sentences which subject him to double jeopardy. We affirm.

In connection with the first summarized assignment of error, Schwab contends that his pleas were not entered voluntarily because the trial court "did not review the factual basis of the two charges to determine if [he] could be convicted and punished for the two charges." Brief for appellant at 2.

Upon the trial court's inquiry as to the factual bases for the pleas, the prosecutor reported that on the day in question

Schwab entered a store, took certain merchandise, concealed it, and departed the store without paying for it. The prosecutor also informed the court that on the same day, Schwab's companion also took some merchandise from the same store and gave the items to Schwab, who accepted possession of them knowing them to have been stolen. Schwab expressly agreed with the prosecutor's statements and announced that he was "willing to stand on" his pleas.

Section 28-511.01 provides, in relevant part, that one commits the crime of theft by shoplifting when, "with the intent of appropriating merchandise to his or her own use without paying for the same," he or she "[c]onceals or takes possession of the goods or merchandise of any store . . . ." Section 28-517 provides, in relevant part, that one commits a theft if he or she "receives . . . stolen movable property of another knowing that it has been stolen . . . ."

Bearing in mind that one accused of a crime may be convicted on the basis of circumstantial evidence if the evidence, viewed as a whole, establishes guilt beyond a reasonable doubt, and that whether a criminal defendant possesses the requisite state of mind is a question of fact which may be proved by circumstantial evidence, *State v. Saltzman, ante* p. 964, 458 N.W.2d 239 (1990), the factual bases supplied by the prosecutor and Schwab adequately support the trial court's adjudications of guilt.

The contention that the trial court did not properly review the factual bases merges with the second summarized assignment of error, which, as noted earlier, claims Schwab was impermissibly twice put in jeopardy for the same offense in the sense that he has been subjected to multiple punishments for but one crime. Assuming, but not deciding, that his voluntary pleas of guilt do not foreclose Schwab from asserting such a claim, the fact is that the claim is without merit.

Relying on *Brown v. Ohio*, 432 U.S. 161, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977), Schwab argues that he cannot be convicted of both theft and receiving the very same stolen goods. While that may well be so, that is not what is involved in this case. As *Brown* and *State v. Stabler*, 209 Neb. 298, 306 N.W.2d 925 (1981), note, whether two charges constitute the

same offense is determined by whether each charge requires proof of different facts; if so, the two charges do not constitute the same offense. Schwab was convicted in the one instance for the theft he himself committed and in the other instance for having taken possession of different property he knew to have been stolen by another. Since those different facts were involved, the two charges did not constitute the same offense, and Schwab was not subjected to multiple punishments for the same crime.

Schwab's assertion that our Legislature has eliminated the foregoing rule in theft cases by providing in Neb. Rev. Stat. § 28-510 (Reissue 1989) that "[c]onduct denominated theft in sections 28-509 to 28-518 constitutes a *single offense* embracing the separated offenses heretofore known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property, and the like" (emphasis supplied) is disingenuous, to say the least. While one may wonder why such an exercise was thought to be necessary, the subject language merely states that the word "theft" includes the various crimes which were once called something else. As evidenced by the sundry statutes defining a variety of conduct as constituting thefts subjecting one to different consequences, the quoted language does not purport to define but a single crime for which only one punishment may be imposed.

The record failing to sustain the summarized assignments of error, the judgments of the trial court are affirmed.

AFFIRMED.