STATE OF NEBRASKA, APPELLEE, V. GEORGE ROBERT GLOVER, APPELLANT.

461 N.W.2d 410

Filed October 19, 1990.   No. 89-847.

Patrick J. Birmingham for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Pursuant to a plea bargain, defendant, George Robert Glover, pled guilty to two counts of obtaining a controlled substance, Dilaudid, in violation of Neb. Rev. Stat. § 28-418(1)(c) (Reissue 1989), and to two counts of attempted delivery of that substance, in violation of Neb. Rev. Stat. §§ 28-201 and 28-416(1)(a) (Reissue 1989). He was thereafter so adjudged and sentenced to imprisonment for a period of from 20 months to 5 years on each of the obtaining convictions and to imprisonment for a period of not less than 3 nor more than 5 years on each of the attempted delivery convictions, all sentences to be served concurrently. He appeals and assigns as error the district court's (1) finding that the pleas were entered freely, voluntarily, intelligently, and understandingly and (2) imposition of sentences he claims are excessive. We affirm.

In connection with the first assignment of error, Glover first correctly points out that in order for a plea of guilty to be entered freely, voluntarily, intelligently, and understandingly, the district court must have informed the defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination; and the court must have examined the defendant to determine that he or she understands the foregoing. In addition, the record must establish that there is a factual basis for the plea and that the defendant knew the range of the penalties for the crime with which he or she is charged. *State v. Rehbein*, 235 Neb. 536, 455 N.W.2d 821 (1990); *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986).

Glover was originally charged with the two obtaining offenses described earlier and with two delivery offenses. The amended information therefore, by charging attempted

delivery rather than delivery of the Dilaudid, reduced the potential punishment. § 28-416(2). While the bill of exceptions covering the arraignment on the amended information reflects that the district court informed Glover of the penalties attendant to each of the four charges and of certain of his constitutional rights, it does not reflect that prior to the acceptance of his pleas, Glover was informed of his right to confront the witnesses against him or of the privilege against self-incrimination. However, when asked by the district court whether he had understood and remembered "the different constitutional rights that [the district court had explained] at the previous hearing," Glover responded, "Yes, I do." We have ruled that a defendant who has been once informed of his constitutional rights need not be reinformed of them on each subsequent court appearance. *State v. Hoffman*, 224 Neb. 830, 401 N.W.2d 683 (1987). Although Glover claims that this rule does not apply when an information has been amended to charge a different crime, he cites no authority for his claim, and we find no logical basis for creating such an exception.

Therefore, since Glover has not presented us with the bill of exceptions of the hearing to which the district court referred in the foregoing exchange, this aspect of Glover's complaints is resolved adversely to him by the rule that an appellant who claims the evidence is insufficient to support a finding must present a bill of exceptions which contains all the evidence relevant to the questioned finding. Neb. Ct. R. of Prac. 5A(2) (rev. 1989). See *Ward v. Ward*, 220 Neb. 799, 373 N.W.2d 389 (1985). See, also, *State v. Burke*, 225 Neb. 625, 408 N.W.2d 239 (1987); *State v. Isikoff*, 223 Neb. 679, 392 N.W.2d 783 (1986).

In the remaining portion of his first assignment of error, Glover asserts that the record fails to show the existence of adequate factual bases for his pleas.

Section 28-418(1)(c) prohibits the intentional obtaining of Dilaudid, a controlled substance under the provisions of Neb. Rev. Stat. § 28-405 [Schedule II] (Reissue 1989), by, among other things, "misrepresentation, fraud, forgery, deception, or subterfuge." The record establishes that Glover, on the two occasions in question, obtained the substance as the result of providing physicians a false address, untruthfully claiming that

he was living with his sister. Since intent is a question of fact which may be inferred from the circumstances surrounding the transaction, *State v. Schwab*, 235 Neb. 972, 458 N.W.2d 459 (1990), adequate factual bases existed for accepting the pleas on the obtaining charges.

Section 28-416(1)(a) makes it unlawful for one to intentionally deliver a controlled substance, and § 28-201(b) makes one guilty of an attempt to commit a crime if one "engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime." The record establishes that in one instance Glover actually shared with another the Dilaudid he obtained and that in the second instance he intended to share it with that other, as it was the other who was paying for the trip to purchase the Dilaudid. Thus, again, adequate factual bases existed for accepting the attempted delivery pleas.

That brings us to the remaining assignment of error, which concerns itself with the sentences. The applicable rule is that a sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Garza, ante* p. 215, 459 N.W.2d 747 (1990). The obtaining convictions are Class IV felonies, § 28-418(2), punishable by imprisonment of from 0 to 5 years. Neb. Rev. Stat. § 28-105 (Reissue 1985). The attempted delivery convictions are Class III felonies, §§ 28-201(4)(b) and 28-416(2)(a), punishable by imprisonment of from 1 to 20 years. § 28-105. Thus, all the sentences imposed are within the applicable statutory limits.

The only remaining question is whether the sentences constituted an abuse of discretion. The gist of Glover's argument in this regard is that he should be treated leniently because he is addicted to Dilaudid. The district court considered that factor but properly observed that the dependency was a condition Glover himself fostered. The district court concluded probation would be inappropriate, as Glover had been placed on probation at least three previous times, and determined that any lesser sentence would depreciate the seriousness of the offenses and promote disrespect for the law. Under the circumstances, the sentences imposed do not

constitute an abuse of discretion.

The record failing to sustain either of the assignments of error, the judgment of the district court is affirmed.

AFFIRMED.