STATE OF NEBRASKA, APPELLEE, V. LARRY D. EDWARDS, APPELLANT.
462 N.W.2d 93

Filed October 26, 1990.   No. 89-1177.

Larry D. Edwards, pro se.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This appeal is from an order of the district court for Lincoln County denying defendant, Larry D. Edwards, a hearing and denying relief on his motion seeking postconviction relief pursuant to Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1989). Defendant appeals, assigning six errors, which may be summarized as three. Defendant alleges that the trial court erred (1) in committing errors at defendant's trial in failing to suppress certain evidence allegedly obtained and used in violation of Neb. Rev. Stat. § 29-2262.01 (Reissue 1985), and in denying defendant his constitutional right to confrontation of a certain witness; (2) in failing to grant defendant an evidentiary hearing on his postconviction motion; and (3) in failing to determine that the defendant's trial and appellate counsel were ineffective to a degree which violated defendant's constitutional right to counsel. We affirm.

The record before us shows the following: In the underlying criminal case, an information was filed against defendant in two counts: (1) distribution of counterfeit Valium (a Class III felony), and (2) distribution of cocaine (a Class II felony). Defendant pled not guilty. After jury selection earlier, trial began on March 23, 1988. Two witnesses testified for the State, and then, after the morning recess, defendant withdrew his not guilty pleas and pled guilty to the two charges. The only plea bargain was the State's agreement that the State would have no objection to concurrent sentences and would stand mute at sentencing. The arraignment was conducted in conformity with the standards set out in *State v. Walker*, 235 Neb. 85, 453

N.W.2d 482 (1990), quoting *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). The pleas were determined to be voluntary and were accepted by the court.

At sentencing, 8 weeks later, a deputy county attorney blatantly and improperly violated the agreement when he stated to the court:

> MR. MARSH: Mr. Edwards, as the presentence has reviewed, has a very extensive criminal history, although a lot of those are a long time ago. In light of his past record, and the fact that he is standing before the Court convicted of a Class 2 and a Class 3 felony, we would ask that Mr. Edwards be committed to the Nebraska Penal and Correctional Center in excess of the minimum sentence.

At the time of sentencing, no objection was made to the statement. Defendant did not move to withdraw his pleas. The conduct of the State was totally improper and may have precipitated this appeal, but, in the circumstances, no reversible error was committed. See *State v. Shepherd*, 235 Neb. 426, 455 N.W.2d 566 (1990).

Defendant was sentenced to 1 to 3 years on the counterfeit drug charge and 3 to 9 years on the cocaine charge, the sentences to run concurrently. Defendant appealed to this court and then moved to dismiss his appeal. This court sustained the motion and dismissed defendant's appeal. *State v. Edwards*, 229 Neb. xxvii (case No. 88-521, Aug. 19, 1988).

Defendant's motion to dismiss his appeal appears to have been based on a letter from a second attorney (other than defendant's trial attorney), who told defendant about the State's action in violating the plea agreement, as set out above, but told defendant that the trial judge would just resentence him to the same terms. This attorney suggested that defendant file a motion to reduce his sentence pursuant to Neb. Rev. Stat. § 29-2308.01 (Reissue 1989). Defendant dismissed his appeal and filed a motion to reduce his sentence. This motion was granted on August 29, 1988, and the trial court reduced defendant's sentence on count II to 3 to 6 years and left the sentence on count I as imposed.

On August 11, 1989, defendant filed this current motion seeking postconviction relief. With regard to the first

summarized assigned error, it is clear that the matters alleged are not the proper subjects of a postconviction motion made after pleas of guilty. In this case, the trial court held an arraignment hearing at the time of defendant's pleas. The record shows that defendant was properly advised of all his constitutional rights and that the court determined that defendant's pleas were voluntary. Once the pleas were accepted, the conduct of the trial, interrupted by the pleas, could not furnish a basis for postconviction relief. Defendant does not contend he was not advised of his *Miranda* rights or that the court did not properly advise him of his constitutional rights at the time of his pleas, but alleges he was not given effective legal advice. Defendant makes no allegation he did not commit the acts charged against him. "A plea of guilty embodies a waiver of every defense to the charge, whether procedural, statutory, or constitutional, except the defense that the information or complaint is insufficient to charge a criminal offense." *State v. Kitt*, 232 Neb. 237, 240, 440 N.W.2d 234, 236 (1989); *State v. Golgert*, 223 Neb. 950, 395 N.W.2d 520 (1986). After a voluntary plea of guilty entered during the progress of a trial, defendant may not obtain relief from a later imposed sentence, where relief is sought on the basis of alleged errors at the trial. Defendant's first summarized assignment of error has no merit.

With regard to defendant's second summarized assignment, that the court erred in not granting an evidentiary hearing, § 29-3001 provides in pertinent part: "Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . ." As shown hereinafter, the points raised in defendant's motion could be determined, as a matter of law, by the trial court's consideration of "the files and records of the case." The trial court did not err in denying defendant a hearing on his motion.

Defendant's third summarized assignment of error concerns defendant's allegation of ineffective assistance of counsel. Defendant has raised specific questions as to the effectiveness of his counsel at the trial level and during the initial appeal of his conviction. Most of the allegations concern the actions of defendant's counsel before and during the short trial

appearance of defendant before he entered his pleas.

Defendant contends that his pleas were not voluntary, because if his trial counsel had been effective, he would have been able to keep all evidence of defendant's guilt from the consideration of the jury.

Defendant first calls attention to § 29-2262.01 (Reissue 1985), in effect at the time of his trial, which provided:

> A person placed on probation by a court of the State of Nebraska or an inmate of any jail or correctional or penal facility who has been released on parole shall be prohibited from acting as an undercover agent or employee of any law enforcement agency of the state or any political subdivision.

Section 29-2262.01 has since been amended, as set out in the 1989 reissue of the statute, but we are here concerned with the 1985 statute.

Two Nebraska State Patrol members were called as witnesses at the trial by the State. The first patrol member testified a man was arrested and jailed in North Platte for obtaining drugs by fraud through prescriptions. The patrol member told the arrested man that he could cooperate with the patrol and that they "would arrange with the county attorney to get charges dropped against him." Defendant, in his postconviction motion, alleges that his counsel was ineffective because he did not raise § 29-2262.01 and thus keep out all evidence obtained through the action of this informant.

We have examined the trial record, as did the trial court, on this issue. The record shows that the two State witnesses did not employ "[a] person placed on probation . . . or an inmate of any jail . . . who has been released on parole . . . ." The evidence does not show that the "undercover agent" used by the State in this case was on probation or parole, and the statute referred to by defendant has no application to the facts in this case. Defendant's trial counsel, as a matter of law, was not ineffective, as alleged by defendant, in this connection.

Defendant also contends, on the issue of ineffectiveness of his trial counsel, that "the district court committed reversible error in not finding that it denied the defendant his right of confrontation under the 6th amendment to United States

Constitution by allowing hearsay testimony." This contention cannot successfully be twisted to attack trial counsel's effectiveness. Counsel objected to the testimony in question, thus discharging all duties of effective counsel. The question as to the correctness of the trial court's ruling could have been raised on appeal if the trial had gone to conclusion. As stated above, alleged errors in a trial interrupted by a plea are not examined on appeal from the sentence imposed following the plea. It should be noted that, in any event, the testimony in question was not hearsay.

The trial court did not err in denying defendant's motion for postconviction relief, and the trial court's order denying defendant a hearing and denying defendant's motion for postconviction relief is affirmed.

AFFIRMED.