STATE OF NEBRASKA, APPELLEE, V. JEFF M. PONEC, APPELLANT.
463 N.W.2d 793

Filed November 30, 1990.    No. 90-541.

Thomas M. Kenney, Douglas County Public Defender, Michael Dowd, and Brian S. Munnelly for appellant.

Herbert M. Fitle, Omaha City Attorney, and Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Upon pleas of guilty to theft by unlawful taking and destruction of property in violation of ordinances of the city of Omaha, the defendant, Jeff M. Ponec, was sentenced by the county court to concurrent terms of 45 days in the county jail. Upon appeal to the district court the judgment was affirmed.

The factual basis for the pleas was contained in the police reports, which show that at 1:15 a.m. on January 17, 1990, the defendant stole a stereo radio from an automobile, damaging the car's dashboard in the process.

The defendant has appealed to this court and has assigned as error the county court's failure to advise him of the nature of the charges and its failure to determine whether he understood the charges.

Prior to the county court's acceptance of the defendant's pleas, the record shows, the following transpired:

MR. WINCHESTER [prosecutor]: This is the State of Nebraska against Jeff M. Ponec, M90-1065. He's charged with theft by unlawful taking and destruction of property on January 17, 1990.

THE COURT: Good morning. Are you Jeff Ponec?

MR. PONEC: Yes.

. . . .

THE COURT: How old are you?

MR. PONEC: Nineteen.

THE COURT: You have the right to be represented by an attorney. If you are indigent and cannot afford to hire an attorney you are entitled to have a public defender appointed to represent you. Would you like to consult with or have an attorney present before you are required to

plead to this charge?

MR. PONEC: No, sir.

THE COURT: How do you wish to plead?

MR. PONEC: Guilty.

THE COURT: Maximum sentence for each of the offenses is six months in jail, a $500 fine, or both. There is no minimum sentence, so you could be fined as small as $1. Do you understand that?

MR. PONEC: Yes, sir.

THE COURT: You have the right to have a trial. The fact that these complaints have been filed against you is not evidence. You are presumed to be innocent until proven guilty. You don't have to prove anything. The State has the burden of proving your guilt beyond a reasonable doubt. Now if you plead guilty and admit the complaints there will be absolutely no reason for a trial and you'll be found guilty this afternoon without a trial. Do you understand that?

MR. PONEC: Yes, sir.

THE COURT: If there were a trial, the State would call their witnesses before the Court; they'd testify under oath; you or your lawyer would have the right to cross-examine the witnesses. You'd have the right to remain silent. You could not be compelled to testify against yourself or make any admissions concerning the matter. You'd have the right to the compulsory attendance of any witnesses that would assist you in your defense. Now there will be absolutely no reason for a trial if you plead guilty and admit these complaints. Do you want a trial?

MR. PONEC: No, sir.

THE COURT: I'll receive into evidence the police reports concerning the matter. I'm reviewing RB Number 3711E.

. . . .

THE COURT: I find that the basis for the complaints to be [sic] valid and that the pleas are voluntarily and intelligently tendered. They will be accepted and you will be found guilty. What explanation do you have for doing this?

MR. PONEC: It's just a stupid mistake, sir.

The court then sentenced the defendant to serve two concurrent terms of 45 days in jail and to pay the costs of prosecution.

In *State v. Irish*, 223 Neb. 814, 820, 394 N.W.2d 879, 883 (1986), regarding acceptance of guilty or no contest pleas, we said:

1. The court must

a. inform the defendant concerning (1) the nature of the charge; (2) the right to assistance of counsel; (3) the right to confront witnesses against the defendant; (4) the right to a jury trial; and (5) the privilege against self-incrimination; and

b. examine the defendant to determine that he or she understands the foregoing.

2. Additionally, the record must establish that

a. there is a factual basis for the plea; and

b. the defendant knew the range of penalties for the crime with which he or she is charged.

We conclude that the taking of the foregoing steps is sufficient to assure that a plea represents a voluntary and intelligent choice among the alternative courses of action open to a criminal defendant, the ultimate standard by which pleas of guilty or nolo contendere are to be tested.

The State relies upon *State v. Clark*, 217 Neb. 417, 418, 350 N.W.2d 521, 523 (1984), in which the court informed the defendant that he was charged with robbery, and argues that the nature of the offense was adequately made known to the defendant under the circumstances of the case. In the *Clark* case, the defendant was represented by counsel, had been charged with only one offense, and had discussed the matter with his attorney.

In *State v. Walker*, 235 Neb. 85, 453 N.W.2d 482 (1990), the defendant, like the defendant in this case, was not represented by an attorney and had been charged with two offenses in violation of Omaha city ordinances. Under those circumstances, this court stated:

Since we are dealing in criminal cases with human liberty, shortcuts from the *Irish* requirements will not be

tolerated. The appellant was entitled to be informed of the nature of the charges and to a court determination that she understood them. She was not accorded that right. Therefore, the convictions must be reversed.

*Id.* at 89, 453 N.W.2d at 484.

Although the prosecutor's statement of the charges in this case may have been sufficient, the record fails to show that the trial court "examine[d] the defendant to determine" that he *understood* the nature of the charges.

The failure of the county court to inform the defendant concerning the nature of the charges and to examine him to determine that he understood the nature of the charges, as required by *State v. Irish, supra*, requires that the judgment be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.