STATE OF NEBRASKA, APPELLEE, V. BRIAN E. DODSON,
APPELLANT.

550 N.W.2d 347

Filed July 12, 1996.   No. S-94-1249.

Julianne M. Dunn for appellant.

Herbert M. Fitle, Omaha City Attorney, and Martin J. Conboy III, Omaha City Prosecutor, and Richard L. Dunning for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

Brian E. Dodson pled guilty in Douglas County Court to driving a vehicle while under the influence of alcohol (DUI) and to purposely or knowingly carrying a concealed weapon.

Dodson later moved to withdraw a guilty plea and vacate judgment, claiming that the plea was not knowingly and voluntarily entered. The county court denied Dodson's motion,

and the district court affirmed that judgment. On appeal, the Nebraska Court of Appeals affirmed the judgment of the district court. Dodson successfully petitioned for further review by this court.

We reverse the decisions of the lower courts and hold that Dodson did not knowingly and voluntarily waive counsel and, as a result, did not freely, intelligently, voluntarily, and understandingly plead guilty. We also hold that there was not an adequate factual basis presented by the State to support the charges made against Dodson.

## ASSIGNMENTS OF ERROR

Dodson claims that the district court erred in affirming the denial of his motion to withdraw a guilty plea and in affirming his "conviction" and "sentence."

## STANDARD OF REVIEW

The withdrawal of a guilty plea is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of that discretion. *State v. Spahnle*, 238 Neb. 265, 469 N.W.2d 780 (1991). A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Perez*, 235 Neb. 796, 457 N.W.2d 448 (1990).

## FACTS

On August 19, 1994, at 2 a.m., police observed Dodson driving erratically. Upon being stopped, Dodson cooperated with police and submitted to an alcohol breath test. He scored .139 of 1 gram of alcohol per 210 liters of breath on the breath test which is over the statutory limit of .10. Dodson was arrested for DUI. During the arrest, an officer found a handgun under the seat of the automobile Dodson was driving.

Dodson was charged by a State complaint with DUI in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1993), a Class W misdemeanor, and by a city of Omaha complaint with purposely or knowingly carrying a concealed weapon in violation of Omaha Mun. Code § 20-192. The record reflects that Dodson was also charged with driving left of the centerline

and a vehicle light violation; both charges were ultimately dismissed at his arraignment.

Early in the afternoon of August 19, to an assembled group of defendants which included Dodson, the trial court explained a defendant's rights (1) to a presumption of innocence, (2) to a jury trial, (3) to confront one's accusers, (4) against self-incrimination, (5) to present witnesses, and (6) to counsel, and the court explained the State's burden of proof. Regarding the right to counsel, the court stated:

> [Y]ou have the right to a lawyer, either one hired by yourself, if you can afford to do that, or if you convince me that you can't afford your own lawyer, then I can appoint a lawyer from the Public Defender's Office to represent you, for whom you will not be charged anything. But you have to convince me that you're eligible for a public defender, which means you have to be able or willing to discuss your financial affairs with me this afternoon.

The court then explained how the defendants could plead. In pertinent part, the court stated: "If you plead guilty this afternoon, you give up all of those rights I just described, no trial, *no lawyer*, no rights." (Emphasis supplied.) The court further explained to the defendants that

> [i]f you plead not guilty, you will get a trial, but not until probably the latter part of September. *The problem that that creates that if you are unable to post the bond that I order you to post, that means you're going to sit in jail for a month or so until your trial date rolls around. So keep that in mind.*

(Emphasis supplied.)

Later in the afternoon of August 19, the court proceeded to call each defendant before the bench for an individual arraignment. Dodson was arraigned without counsel. The trial court asked Dodson if he understood all of the rights the court had earlier described to the assembled defendants. Dodson answered that he understood and pled guilty to the charges brought against him. The court then said to Dodson: "*If you plead guilty, you give up all those rights I described,* no trial,

*no lawyer*, no rights. . . . Do you understand that?" (Emphasis supplied.) Dodson answered that he understood.

The State offered the following factual basis for the DUI and carrying a concealed weapon charges:

> He [Dodson] was stopped for driving erratically, Your Honor, August 19th, 30th and Fowler, about 2:00 this morning. The defendant was cooperative but obviously intoxicated. He test [sic] .139 — 139 on the breath test. There was a gun found — handgun that was found I *guess* under the seat that was his.

(Emphasis supplied.) No presentence report was prepared prior to sentencing.

Without any further questions to the State or to Dodson, the trial court accepted Dodson's guilty pleas. The trial court sentenced Dodson to concurrent prison terms of 30 days for DUI and 60 days for carrying a concealed weapon. Additionally, for the DUI conviction, the trial court suspended and revoked Dodson's motor vehicle operator's license for a period of 6 months to begin upon his discharge from jail and ordered him to pay a $200 fine. Dodson moved to set aside his guilty plea because it was not knowingly and voluntarily entered. The county court overruled Dodson's motion, and the district court affirmed.

## ANALYSIS

In his motion to withdraw his guilty plea as well as his assigned errors on appeal, Dodson refers to a singular guilty plea. In fact, Dodson pled guilty to two separate complaints.

Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would cause a miscarriage of justice or damage the integrity, reputation, or fairness of the judicial process. *State v. Clausen*, 247 Neb. 309, 527 N.W.2d 609 (1995).

Before accepting a plea of guilty, a trial court must inform the defendant of (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront adverse witnesses, (4) the right to a jury trial, and (5) the privilege

against self-incrimination. The court must examine the defendant in order to determine whether the defendant understands that information. See *State v. Biernacki*, 237 Neb. 215, 465 N.W.2d 732 (1991).

In explaining to Dodson his constitutional rights, the trial court stated, "If you plead guilty this afternoon, you give up all those rights I just described, no trial, *no lawyer, no rights*." (Emphasis supplied.) Dodson was informed that he had a right to counsel, but if he pled guilty, he gave up his right to counsel. To instruct a criminal defendant, as the trial court did, that he has a right to counsel only if he or she pleads not guilty is contrary to the laws of Nebraska and the United States.

A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination. *Godinez v. Moran*, 509 U.S. 389, 113 S. Ct. 2680, 125 L. Ed. 2d 321 (1993); *Parke v. Raley*, 506 U.S. 20, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992). See, also, *State v. Miles*, 202 Neb. 126, 274 N.W.2d 153 (1979). A plea of guilty does not waive the constitutional right to counsel. See *State v. Ninneman*, 179 Neb. 729, 140 N.W.2d 5 (1966), *cert. denied* 385 U.S. 838, 87 S. Ct. 85, 17 L. Ed. 2d 72. See, also, *Godinez v. Moran, supra* (distinguishing guilty plea from waiver of right to counsel in holding that both operate under same competency standard).

The Sixth Amendment to the U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Nebraska Constitution art. I, § 11, provides that *in all criminal prosecutions, an accused shall have the right to appear and defend in person or by counsel.*

The right to counsel is not restricted to the actual trial on the merits. See *Powell v. Alabama*, 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 158 (1932). A person accused of a crime requires the guiding hand of counsel at every step in the proceedings against him. *Coleman v. Alabama*, 399 U.S. 1, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970). See, also, *United States v.*

*Wade*, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967).

A defendant's decision to plead guilty or nolo contendere to a criminal charge is a grave and personal judgment, which a defendant should not be allowed to enter without full comprehension of his constitutional rights. See *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). An accused is entitled to be represented by counsel in all critical stages of a criminal proceeding against him, but the right to counsel may be waived, if such waiver is made intelligently and understandingly with the knowledge of an accused's right to counsel. *State v. Jost*, 219 Neb. 162, 361 N.W.2d 526 (1985).

Dodson had the right to counsel before pleading guilty, and he retained his right to counsel after pleading guilty. The trial court instructed Dodson, appearing pro se, that he had a right to counsel, but that if he pled guilty, he did not have a right to counsel. The trial court's statements as to the nature of a defendant's right to counsel are an error of constitutional magnitude.

Furthermore, we note that the trial court told all of the defendants:

> If you plead not guilty, you will get a trial, but not until probably the latter part of September. *The problem that that creates that if you are unable to post the bond that I order you to post, that means you're going to sit in jail for a month or so until your trial date rolls around. So keep that in mind.*

(Emphasis supplied.)

We disapprove the use of such statements by a trial judge at a defendant's arraignment. A defendant arraigned without counsel, such as Dodson, could well consider such statements as a coercive suggestion by the judge that the defendant plead guilty. A coerced guilty plea is not a plea that is made freely, voluntarily, and intelligently.

Because the trial court failed to accurately advise him of his constitutional rights, Dodson's guilty pleas were not entered freely, voluntarily, knowingly, and intelligently. Moreover, the trial court did not establish through questioning of Dodson that Dodson waived any of his rights freely, voluntarily, knowingly, and intelligently.

Generally, a guilty plea admits all facts recited in open court by the State and all facts alleged in the information or complaint, including the fact that the offense was committed and the time and place of its commission. See, *State v. Bargen*, 219 Neb. 416, 363 N.W.2d 393 (1985); *Marteney v. State*, 210 Neb. 172, 313 N.W.2d 449 (1981). However, before a trial court can accept a defendant's guilty plea, it must determine whether among other things, a factual basis for the plea exists. See, *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995); *State v. Irish, supra*. A guilty plea must be entered freely, intelligently, voluntarily, and understandingly to be accepted by the trial court. In finding that a guilty plea is made freely, intelligently, voluntarily, and understandingly, the court must find that the record establishes a factual basis for that plea. See *id*.

Determination of whether a factual basis exists for a guilty plea benefits a defendant and the criminal justice system alike. Such a determination ensures that a defendant actually committed the offense to which he pled guilty, provides a record of the conviction process which can minimize the necessity of overturning a conviction, and provides a court with a sound basis to evaluate a defendant's competency and willingness to plead guilty as well as the defendant's understanding of the charges. See *State v. Jost, supra*.

The dissenting opinion cites case law dating from 1907 to 1985 for the proposition that a guilty plea renders unnecessary proof of the facts alleged. The dissenting opinion appears to ignore our recent decisions. Since 1986, we have consistently followed our holding in *State v. Irish* that a guilty plea is not accepted until the trial court determines that a factual basis for the plea exists on the record. *State v. LeGrand, supra*; *State v. Johnson*, 242 Neb. 924, 497 N.W.2d 28 (1993); *State v. White*, 238 Neb. 840, 472 N.W.2d 720 (1991); *State v. Biernacki*, 237 Neb. 215, 465 N.W.2d 732 (1991); *State v. Dean*, 237 Neb. 65, 464 N.W.2d 782 (1991); *State v. Ponec*, 236 Neb. 710, 463 N.W.2d 793 (1990); *State v. Carter*, 236 Neb. 656, 463 N.W.2d 332 (1990); *State v. Glover*, 236 Neb. 402, 461 N.W.2d 410 (1990); *State v. Walker*, 235 Neb. 85, 453 N.W.2d 482 (1990); *State v. Rhodes*, 233 Neb. 373, 445

N.W.2d 622 (1989); *State v. Kitt*, 232 Neb. 237, 440 N.W.2d 234 (1989); *State v. Wakeman*, 231 Neb. 66, 434 N.W.2d 549 (1989); *State v. Tully*, 226 Neb. 651, 413 N.W.2d 910 (1987); *State v. High*, 225 Neb. 690, 407 N.W.2d 776 (1987); *State v. Wiley*, 225 Neb. 55, 402 N.W.2d 311 (1987). The dissenting opinion states that *a voluntary and valid plea of guilty waives all defenses to the charge. However, before accepting a guilty plea, the court must determine that the plea is voluntary and must find a factual basis for that plea.* See *State v. LeGrand, supra.*

A factual basis for a plea of guilty may be established by inquiry of the prosecutor, interrogation of the defendant, or examination of the presentence report. *State v. Bargen*, 219 Neb. 416, 363 N.W.2d 393 (1985). The preferred procedure for ascertaining whether a factual basis exists to support a guilty plea is to inquire directly of the defendant. *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981). In the instant case, the report of the prosecutor omitted sufficient information to establish venue, the court had no other report before it, nor did the trial court examine Dodson.

As a general rule, all criminal cases are to be tried in the county where the offense was committed. Neb. Rev. Stat. § 29-1301 (Reissue 1995). Proof of venue is essential in a criminal prosecution. *State v. Vejvoda*, 231 Neb. 668, 438 N.W.2d 461 (1989). Moreover, in the absence of a defendant's waiver by requesting a change of venue, the State has the burden to prove proper venue beyond a reasonable doubt. See, *State v. Phelps*, 241 Neb. 707, 490 N.W.2d 676 (1992); *State v. Vejvoda, supra.*

In the instant case, the State referred only to 30th and Fowler Streets when it offered a factual basis for Dodson's guilty pleas. The record does not establish that either 30th Street or Fowler Street exists in Omaha or Douglas County. The mere existence of street names fails to establish venue. See *State v. Vejvoda, supra.* Therefore, the record fails to reflect that venue was established before the trial court accepted Dodson's guilty pleas.

As a result of the foregoing, no adequate factual basis exists in the record for the trial court's acceptance of Dodson's

guilty pleas. Thus, the trial court abused its discretion in accepting Dodson's guilty pleas.

The district court committed plain error by informing Dodson that he had a right to counsel only upon pleading not guilty, abused its discretion in accepting Dodson's guilty pleas, and abused its discretion in overruling Dodson's motion to withdraw his guilty pleas. As such, we need not address Dodson's claim that his sentences are excessive.

## CONCLUSION

Because Dodson did not freely, voluntarily, knowingly, intelligently, and understandingly waive his right to counsel, we hold that he did not freely, voluntarily, knowingly, and intelligently plead guilty to the charges against him. Furthermore, the State did not present an adequate factual basis for the trial court to accept Dodson's guilty pleas and abused its discretion in accepting those pleas.

We reverse the Court of Appeals' affirmation of the district court's affirmation of the county court's judgment finding Dodson guilty of the two charges to which he pled guilty. We remand the cause to the district court with direction to remand the case to the Douglas County Court with direction to vacate Dodson's convictions and sentences and grant him a new trial.

REVERSED AND REMANDED WITH DIRECTIONS.

WRIGHT, J., dissenting.

I respectfully disagree with the finding of the majority that Dodson was never informed that he had a right to counsel at the time of entering his guilty pleas.

If, as the majority states, Dodson was incorrectly informed by the court that he did not have a right to counsel unless he pled not guilty, how did this information prejudice Dodson? Dodson was advised that if he pled not guilty, a lawyer would be appointed for him. Had Dodson been advised that he could not have a lawyer prior to entering a plea, I would agree that he was prejudiced and should be entitled to a new trial. Instead, Dodson knowingly and voluntarily waived his right to counsel by entering a guilty plea to the charges.

The trial court told Dodson:

Please be honest and don't be bashful when you get up here. If you don't understand any of the rights that I'm about to describe, or if you don't understand what's happening this afternoon to you and your case, ask a question, get my attention. I'll improve your understanding. In other words, I'll help you understand what you figure out what it is that you are going through this afternoon, help you understand your rights if you don't understand them the first time around. Okay?

All right. Every defendant is presumed innocent, and that includes all of you, whatever you've been charged with, you are presumed to be innocent of those charges right now. That presumption will stay with you until you either go to trial and lose or until you enter a plea of guilty or no contest. If either of those things happens, then that presumption of innocence disappears. You will no longer be presumed to be innocent of what you've been charged with.

The trial court also explained Dodson's right to a trial, his rights at trial, and the presumption of innocence. Regarding the right to counsel, the court stated:

Lastly, you have the right to a lawyer, either one hired by yourself, if you can afford to do that, or if you convince me that you can't afford your own lawyer, then I can appoint a lawyer from the Public Defender's Office to represent you, for whom you will not be charged anything. But you have to convince me that you're eligible for a public defender, which means you have to be able or willing to discuss your financial affairs with me this afternoon.

The court then proceeded to explain the different pleas:

If you plead guilty, you're telling me you did it. You are admitting your guilt. You are telling me you committed the offenses that you're charged with. If you plead guilty this afternoon, you give up all of those rights I just described, no trial, no lawyer, no rights. You get convicted right here now this afternoon and you will face the penalties that I will have told you about as soon as you get up here in front of the bench. That's the guilty plea.

Not guilty — when you plead not guilty, you are telling me, "No. I didn't do it Judge. I am not guilty. I want the State to be forced to prove me guilty at a trial," and keep in mind, you don't have to prove anything at trial. The burden is always on the State. You do not have to prove your innocence; the State has to prove your guilt. If you plead not guilty, you will get a trial, but not until probably the latter part of September. The problem that that creates that if you are unable to post the bond that I order you to post, that means you're going to sit in jail for a month or so until your trial date rolls around. So keep that in mind.

The following colloquy occurred between the trial judge and Dodson:

THE COURT: Okay. With all your rights in mind, how do you want to plead to these charges?

MR. DODSON: Guilty, sir.

THE COURT: If you plead guilty, you give up all those rights I described, no trial, no lawyer, no rights. You'll get convicted and you face those penalties that I've just described. Do you understand that?

MR. DODSON: Yes, sir.

The complaint filed against Dodson stated that

on or about the 19th day of August, 1994, at or near 30th & FOWLER, in Douglas County [Dodson] did unlawfully operate or was in actual physical control of a motor vehicle while . . . under the influence of alcoholic liquor or . . . had a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his . . . breath.

When the court inquired as to the factual basis, the prosecutor stated that Dodson was stopped for driving erratically on August 19 at 30th and Fowler Streets. Dodson, who was obviously intoxicated, tested .139 on a breath test, and a handgun was found in the car under the seat. The court accepted the pleas and asked Dodson if he had anything to say. Dodson replied that he was carrying the weapon for protection.

Whether Dodson could have a lawyer after he pled guilty is clearly not the issue. The trial court's instruction to Dodson

that he had a right to counsel, but that if he pled guilty, he did not have a right to counsel, even if incorrect, clearly did not prejudice Dodson.

"Since *Chapman* [*v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)], the Court has consistently made clear that it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations."

*State v. Timmerman*, 240 Neb. 74, 89, 480 N.W.2d 411, 420 (1992).

By a plea of guilty, a defendant does not necessarily waive his constitutional right to counsel. Rice v. Olson, 324 U. S. 786, 65 S. Ct. 989, 89 L. Ed. 1367. However, any constitutional right or guarantee may be waived although the waiver must be an intelligent relinquishment or abandonment of a known right or privilege. Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837.

*State v. Ninneman*, 179 Neb. 729, 733, 140 N.W.2d 5, 8 (1966). Therefore, it is my opinion that Dodson knowingly and voluntarily waived his right to counsel.

The majority finds that venue was not established before the trial court accepted Dodson's guilty pleas. I disagree. *State v. Vejvoda*, 231 Neb. 668, 438 N.W.2d 461 (1989), relied upon by the majority to support its conclusion that venue must be proved by the prosecution, does not apply to Dodson. In *Vejvoda*, the defendant pled not guilty. Therefore, venue was a contested element of the complaint. Here, Dodson pled guilty. This distinction is crucial.

A guilty plea admits all facts recited in open court by the State and all facts alleged in the information or complaint. See, *State v. Bargen*, 219 Neb. 416, 363 N.W.2d 393 (1985); *State v. Jones*, 214 Neb. 145, 332 N.W.2d 702 (1983); *Marteney v. State*, 210 Neb. 172, 313 N.W.2d 449 (1981); *Clark v. State*, 150 Neb. 494, 34 N.W.2d 877 (1948). In *Clark*, we held:

A plea of guilty to a criminal complaint admits that the offense was committed, the time and place of its commission, and the identity of the person committing it, as

charged; it is an admission of record of the truth of the charges made; it renders unnecessary the proof of the facts alleged; and it supports a finding of guilt made thereon.

150 Neb. at 497, 34 N.W.2d at 879. See, also, *Leiby v. State*, 79 Neb. 485, 113 N.W. 125 (1907).

"A voluntary and valid plea of guilty embodies a waiver of all defenses to the charge—procedural, statutory, and constitutional—except for the defense that the information or complaint is insufficient to charge a criminal offense." *State v. Biernacki*, 237 Neb. 215, 222, 465 N.W.2d 732, 737 (1991). See *State v. Edwards*, 236 Neb. 445, 462 N.W.2d 93 (1990).

In *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), we cited *State v. Hyslop*, 189 Neb. 331, 202 N.W.2d 595 (1972), which suggested that by a defendant admitting he is in fact guilty of the crime charged, he has furnished a factual basis for accepting the plea. The factual basis given by the prosecutor was that Dodson was stopped at 30th and Fowler Streets for driving erratically. His breath tested .139. In my opinion, a factual basis existed for accepting the pleas, and I would affirm the convictions and sentences.

CONNOLLY and GERRARD, JJ., join in this dissent.